## WHITNEY *v.* THE STATE.

RAPE.—*Indictment.*—An indictment for rape charged, that the defendant, on, &c., at, &c., "did then and there, in and upon" A. B., "a woman, forcibly and feloniously make an assault; and her, the said" A. B., "unlawfully, forcibly, and against her will, feloniously ravish and carnally know, contrary to the form of the statute," &c.

*Held*, that the indictment was not bad because the word "did" was not repeated before the words "ravish and carnally know."

SAME.— *Venue.*—In a prosecution for a rape, the record showed the trial to have occurred in Indianapolis, Marion county, Indiana, and the evidence as to the place where the crime was committed was, that "it was in Indianapolis, in this county."

*Held*, that the venue was sufficiently shown.

SAME.—*Evidence.*—Where on the trial of an indictment for a rape, the evidence

showed that the prosecutrix was of doubtful character; that she did not presently discover the offense, nor indeed at all until interrogated about it; and she remained with the defendant afterwards, and the party accused did not flee; and the prosecutrix was uncorroborated by any material evidence; the place of the crime being such that it was possible she might have been heard, and she made no outcry; and there were other circumstances of doubt; *Held,* that the evidence was insufficient.

APPEAL from the Marion Criminal Circuit Court.

DOWNEY, C. J.—This was an indictment for rape, alleging that the defendant, "on the 27th day of December, 1870, at and in the county of Marion, and State aforesaid, did then and there, in and upon America Virt, a woman, forcibly and feloniously make an assault; and her, the said America Virt, then and there, unlawfully, forcibly, and against her will, feloniously ravish and carnally know, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

A motion to quash the indictment was made and overruled. The defendant pleaded not guilty, on his arraignment. There was a trial by jury; verdict of guilty, fixing the punishment at eleven years imprisonment in the state prison. A motion for a new trial and also a motion in arrest of judgment were overruled, and judgment was rendered on the verdict.

Several errors are assigned, which we will proceed to examine.

The motion to quash and also that in arrest of judgment call in question the sufficiency of the indictment. It is urged that the indictment is bad, because the word "did" is not repeated before the words "ravish and carnally know." We think the indictment is good without thus repeating that word. It is all one sentence. The several acts are stated conjunctively, and the verb "did," where it occurs, must be held to apply to all of them.

The next point made is, that the court allowed a leading question, on a material point, to be put to, and answered by, the prosecutrix, over the defendant's objection. The question was suggestive of the answer desired, and might have

been answered by yes or no. We are not able to see any thing in the case which authorized a departure from the rule which prohibits the asking of leading questions on the direct examination.

The next point made is, that the evidence was not sufficient to sustain the verdict of the jury; and, first, it is urged that the evidence does not show when the crime was committed. The evidence of the prosecuting witness was as follows: "Don't know what month it was in; it was in this year, I believe; was after new-year's." If this was all the evidence, it would not show that the crime was committed before the indictment was found. But it is not all. The indictment was found and returned into court January 12th, 1871. The trial was commenced on the 25th and concluded on the 26th day of the same month and year. Mrs. Nutting stated that the prosecutrix came to her house "on the Wednesday before new-year's last," and that the defendant brought her there. It is shown by other evidence, that she went to Mrs. Nutting's in one or two days after the occurrence referred to in the indictment. This sufficiently shows that the act was committed within the period of the statute of limitations and before the indictment was found.

It is also urged that the venue was not proved, by showing that the act was perpetrated in Marion county, Indiana. The prosecutrix testified on this point: "It was in Indianapolis, in this county." As the trial was being held in Indianapolis, in Marion county, Indiana, as we know from the record, the statement that it was "in this county," seems to us sufficient.

It is also urged that the evidence, while it may prove sexual intercourse between the parties, does not prove that such intercourse was forcible and against the will of the prosecutrix, as required by statute, to constitute the crime of rape, and as alleged in the indictment.

We think the case was made out in a very unsatisfactory manner. The defendant was the keeper of two restaurants. The alleged rape was committed in a back room at one of

these places. At the time, a number of persons were in an adjoining room, and testify nothing of it; nor does the prosecutrix pretend that she made any outcry. She stayed at this same place, with the defendant, the night following and the next night. She made no disclosure to any one of what had happened until a day or two after the last night mentioned, and then only in answer to interrogatories put to her by a female at whose house she had gone to live. It was testified by others, and she admitted, that she had been guilty of indecent and lewd behavior towards the defendant before the occurrence referred to.

In prosecutions for this crime, the best judges of ancient and of modern times have laid down certain tests by which to be governed in ascertaining the truthfulness of the party preferring the charge. They concur in saying that her evidence should be carefully considered; and if the witness be of good character; if she presently discovered the offense, and made search for the offender; if the party accused fled for it; these and the like are concurring circumstances which will give greater probability to her evidence. But, on the other side, if she be of evil fame, and stand unsupported by the testimony of others; if she concealed the injury for any considerable time after she had an opportunity to complain; if the place where the act was alleged to have been committed were such that it was possible she might have been heard, and she made no outcry; these and the like circumstances carry a strong, but not conclusive, presumption that her testimony is false or feigned. 1 Whart. Crim. Law, sec. 1149; 4 Bl. Com. 213. In this case the prosecutrix was of doubtful character. She did not presently discover the offense, nor, indeed, at all, until interrogated about it; the party accused did not flee; the prosecutrix is uncorroborated by any material evidence; the place where the crime is alleged to have been committed was such that it was possible she might have been heard, and she made no outcry. There are other circumstances which tend to show that the defendant was wrongfully convicted. We think, taking all

the circumstances together, that he ought to have had a new trial granted him.

The judgment is reversed, and the cause remanded. The clerk is directed to certify to the warden of the prison to return the defendant to the jail of Marion county.

*W. W. Leathers,* for appellant.

*B. W. Hanna,* Attorney General, for the State.