## VANCE v. THE STATE.

CRIMINAL LAW.—*Rape.*— *Indictment.*— *Grammatical Construction.*— *Evidence.*—*Variance.*—*Idem Sonans.*—An indictment charged, that, on, etc., at,

etc., the defendant "*did* then and there unlawfully, in and upon *Dellia* Weaver, a woman, forcibly and feloniously make an assault, and her, the said Dellia Weaver, then and there, unlawfully, forcibly and against her will, feloniously ravish and carnally know ; contrary," etc.

*Held,* that the verb *did* is used conjunctively, and pertains to both branches of the sentence, and that the indictment is sufficient.

*Held,* also, that evidence of such assault upon *Della* Weaver will not authorize a conviction.

From the Madison Circuit Court.

*W. A. Kittinger, A. L. Roache* and *E. H. Lamme,* for appellant.

*T. W. Woollen,* Attorney General, and *T. B. Orr,* Prosecuting Attorney, for the State.

WORDEN, C. J.—An indictment was returned against the appellant, the charging part of which was as follows :

" The grand jury," etc., " on their oath do present and charge, that Alexander Vance, late of said county, on the 23d day of June, A. D. 1878, at said county and State aforesaid, did then and there unlawfully, in and upon Dellia Weaver, a woman, forcibly and feloniously make an assault, and her, the said Dellia Weaver, then and there, unlawfully, forcibly and against her will, feloniously ravish and carnally know, contrary," etc.

A motion to quash the indictment was made and overruled, and exception taken. Trial by jury, conviction, and sentence of imprisonment in the state-prison for the term of two years.

The appellant claims that the indictment is bad, because it does not charge any thing upon the defendant, except the assault; in other words, that the auxiliary verb " did" only pertains to that portion of the compound sentence charging the assault, and not to that portion relating to the rape. But we think it pertains to both branches of the sentence, and that the meaning is the same as if the word had been repeated in the latter branch of the sentence. " The several acts are stated conjunctively,

and the verb 'did,' where it occurs, must be held to apply to all of them." *Whitney* v. *The State*, 35 Ind. 503.

The indictment was good.

On the trial, it appeared that the name of the person upon whom the rape was perpetrated was Della Weaver. There is a little confusion in the evidence as to her surname, but we think it was clearly enough shown to have been Weaver. It quite clearly appeared that her christian name was Della and not Dellia or Delia. This variance in the christian name can not be imputed to improper orthography adopted by the reporter of the evidence. It was brought out very clearly by the evidence, that the christian name was Della and not Dellia. Thus, the prosecutrix, having been put upon the stand by the State as a witness, and being asked her name, responded, "Della Weaver."

The following questions were asked, and answers given, upon cross-examination:

" Ques.    What is your husband's name ?

" Ans.    His name is Pinn Weaver.    Burdell is his name.

" Ques.    What is his given name?

" Ans.    That is his given name, Burdell Weaver, and they call him Pinn Weaver a part of the time.

" Ques.    I want to get his right name ;  is not his name Lindsey Burdell ?

" Ans.    I believe it is.

" Ques.    Your name would be Delia Burdell?

" Ans.    Della is my name.

" Ques.    Your proper name would be Della Burdell ?

" Ans.    Della Weaver."

There was further evidence as to the surname Weaver.

The appellant claims that there is a fatal variance between the christian name of the prosecutrix, as alleged in the indictment, Dellia, and that proved on the trial, Della, and in our opinion the point is well taken.    The two

names are not *idem sonans.* Putting the *i* out of Dellia takes a sound from the name that can not be recognized at all in Do.. * In the case of *Black* v. *The State,* 57 Ind. 109, the true rule on the subject was held to be, " that if the names may be sounded alike, without doing violence to the power of the letters found in the variant orthography, then the variance is immaterial."

But here the two names can not be sounded alike, without utterly destroying the power of the vowel *i* in Dellia, and rendering it entirely mute.

For this variance the judgment below will have to be reversed.

The judgment below is reversed, and the cause remanded for a new trial.

The clerk will give the proper notice for the return of the prisoner.