## No. 9019.

## Burroughs *v.* The State.

Criminal Law.—*Pleading.—Felony.—Prosecution by Affidavit and Information.—Statute Construed.*—In a prosecution for a felony, by affidavit and information, under the act of March 29th, 1879, Acts 1879, p. 143, the affidavit must state the facts which give the court authority to try the defendant on affidavit and information, and, if it does not, such defect may be reached by a motion in arrest of judgment.

Same.—Such statute does not contemplate that the affidavit may state less than is required to be stated in the information.

Same.—The facts authorizing such mode of prosecution should be verified.

Same.—*Arrest of judgment.—Assignment of Error.—Practice.*—Whatever is sufficient to arrest a judgment may be assigned for error on appeal.

From the Wayne Circuit Court.

*T. D. Evans* and *T. J. Trusler*, for appellant.

*D. P. Baldwin*, Attorney General, *H. U. Johnson*, Prosecuting Attorney, and *W. W. Thornton*, for the State.

Worden, J.—An affidavit was filed in the court below against the appellant, charging him with the commission of grand larceny, in the county of Wayne, and setting forth the offence specifically, but it stated none of the facts authorizing a trial to be had on affidavit and information as pro-

vided for by the act of March 29th, 1879. Acts 1879, p. 143.

An information was also filed by the prosecuting attorney, charging the larceny, and also that the appellant was in custody in the jail of that county on a charge of the same larceny, and that no grand jury was in session, and had not been since the arrest of the appellant.

The defendant pleaded guilty to the charge, and was sentenced to imprisonment in the penitentiary.

It is assigned for error that the affidavit does not state facts sufficient to constitute a public offence, for which the appellant could be put upon trial by information.

In the case of *Lindsey* v. *The State*, ante, p. 39, it was held that the affidavit must state the facts which give the court authority to try a party for a felony on affidavit and information without indictment; and that, if it does not, advantage may be taken of the defect by motion in arrest of judgment. That case is decisive of the present; for whatever is sufficient to arrest the judgment, may be assigned for error. See *Arbintrode* v. *The State*, 67 Ind. 267.

The common-law mode of prosecution for felony is by indictment, and where the State prosecutes without indictment, by affidavit and information, the facts authorizing that mode of prosecution should be verified as well as the commission of the offence. The statute does not contemplate, as we think, that the affidavit may state less than is required to be stated in the information.

There is no hardship in this construction, for if the person who makes affidavit of the commission of the offence has no knowledge of the facts which authorize a trial without indictment, upon affidavit and information, his affidavit may be supplemented by that of some person who has knowledge of such facts.

The judgment below is reversed, and the cause remanded for such further proceedings as may be deemed proper.

The clerk will give notice for the return of the prisoner.