[No. 2657.]

## JAMES OSBORNE *v.* THE STATE.

AGGRAVATED ASSAULT AND BATTERY—EVIDENCE—PRACTICE.—That the *allegata* and the *probata* shall correspond is an elementary rule of criminal practice. An information charging that an assault was committed on one Granberry Byrd is not sustained by proof that it was committed on one Granville Byrd.

APPEAL from the County Court of Johnson. Tried below before the Hon. W. J. Ewing, County Judge.

The information charged the appellant with an aggravated assault and battery upon one Granberry Byrd, a male infant. The venue of the offense was alleged to be in Johnson county, and it was charged to have been committed on the twenty-first day of August, 1882. A fine of twenty-five dollars was the punishment assessed by a verdict of guilty.

The testimony for the State disclosed that the appellant was an adult male, and the injured party an infant male, about fifteen years old, and small for his age; that on the day alleged in the information the appellant caught the injured party on the platform of the steps leading from the appellant's drug store to the office of the *Telegram* newspaper, overhead, and "paddled" him with a shingle. The shingle was small, and incapable of inflicting serious injury unless used with great violence.

For the defense it was testified that the appellant accosted the injured party in the back yard of his, the appellant's, drug store, and asked him what it was that he had said to his, appellant's, son, concerning the appellant. The injured party answered by saying that he had applied to him a vulgar epithet, repeating it. Presently the injured party started rapidly up the steps leading to the *Telegram* office, and on his way up exclaimed to the appellant: "You are a d—d son of a b—h." The appellant thereupon followed the injured party, overtook him on the upper platform of the steps, and paddled his rear with a shingle. The opinion shows the proof involved in the ruling.

The motion for new trial alleged:

1. That the verdict of the jury was contrary to and not supported by the law and evidence.

2. The evidence shows that if the defendant is guilty of any offense it is only a simple assault and battery, whereas by the verdict he was convicted of an aggravated assault and battery.

*Bledsoe & Fisher*, for the appellants.

*J. H. Burts*, Assistant Attorney General, and *C. Edmundson*, for the State.

WHITE, PRESIDING JUDGE. One of the grounds of the motion for a new trial was that the verdict was contrary to the evidence. Both the complaint and information charged that the alleged assault was committed upon the person of Granberry Byrd. All the witnesses testified that the party they saw assaulted by appellant was one Granville Byrd. The name of the assaulted party must be proven as alleged. (*Hardin* v. *The State*, 26 Texas, 113; *Goode* v. *The State*, 2 Texas Ct. App., 520; 65 Ind., 460; 6 Ill. App., 537.)

Because there was a fatal variance between the allegation and proof, and the latter does not sustain the former, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered May 23, 1883.