Clayton v. The State.

No. 11,984.

## CLAYTON v. THE STATE.

CRIMINAL LAW.—*Misconduct of Jury.—Separation without Leave.—Supreme Court.*—Under section 1842, R. S. 1881, the misconduct of a jury in separating without leave of the court, after retiring to deliberate on their verdict, is the second statutory cause for a new trial in criminal cases; but where a new trial is refused for this cause, and it appears that the jury had leave of the court to separate after they had agreed upon their verdict, and that they had agreed upon their verdict and reduced it to writing, and sealed up the same before they separated, and that such verdict was complete in every respect, except that it was not signed by the

| | |
|---|---|
| 100 | 201 |
| 127 | 225 |
| 100 | 201 |
| 139 | 533 |
| 100 | 201 |
| 145 | 673 |
| 147 | 134 |
| 147 | 379 |
| 100 | 201 |
| 150 | 85 |

foreman of the jury, then it is the duty of the Supreme Court, under section 1891, R. S. 1881, to disregard the supposed error of the court below in overruling the motion for a new trial for this cause, when, in the opinion of the Supreme Court, the error, if any, is purely technical and does not prejudice the substantial rights of the defendant.

SAME.—*Swearing Bailiff.*—*Misconduct of Jury.*—*Bailiff's Presence in Jury Room.*—*Trial.*—*Weight of Evidence.*—*Supreme Court.*—It is sufficient if the jury trying a criminal cause are placed in charge of a bailiff, who has been sworn to act as such bailiff for the term. Ordinarily, the bailiff's presence in the jury room, during the deliberations of the jury on their verdict, is such misconduct of the jury as will constitute sufficient cause for a new trial; but where the question of such misconduct is tried below upon affidavits and counter-affidavits, and the court decides in effect that the defendant was not injured or harmed thereby, the Supreme Court will not disturb such decision on the weight of the evidence.

SAME.—*Evidence.*—*Supreme Court.*—In criminal as in civil causes, unless there is an absolute failure of evidence on some material point, the Supreme Court will not reverse the judgment on the evidence.

From the Kosciusko Circuit Court.

*J. S. Frazer, W. D. Frazer* and *S. J. North,* for appellant.
*F. T. Hord,* Attorney General, *J. S. Widaman* and *W. B. Hord,* for the State.

Howk, J.—This was a prosecution upon affidavit against the appellant, for an alleged attempt to provoke one Harlan E. King to commit an assault and battery upon him, the appellant. The prosecution was commenced before a justice of the peace of Kosciusko county, and from the justice's judgment against him the defendant appealed to the court below. There the issues joined were tried by a jury, and a verdict was returned finding the appellant guilty, as charged in the affidavit, and assessing his punishment at a fine in the sum of one cent. Over appellant's motions to set aside the verdict and for a new trial of the cause, the court rendered judgment against him for the fine assessed and costs.

The first error of which complaint is made by appellant in this court is the overruling of his motion to set aside the verdict, because the jury had separated for a period of seven hours without permission of the court, and without his knowl-

Clayton *v.* The State.

edge or consent, before agreeing upon and sealing up their verdict. It is shown by the record that when the jury retired to deliberate upon their verdict, by the agreement of the parties, they were instructed that when they agreed upon a verdict they might seal up the same and separate, and return it into court the next morning. On the convening of court the next morning, the foreman of the jury handed to the court a paper writing, purporting to be their verdict, complete in every respect except that it was not signed by their foreman. Thereupon the court directed the jury to retire to their room for further deliberation, to which action the appellant then and there objected, for the reason that the jury had then been separated for a period of seven hours, and had been mingling with the public during that time, which objection was overruled by the court, and the appellant then and there excepted. The jury retired, and in a short time returned into court the same paper writing, and in the same words as before, with the addition of the name of their foreman.

The alleged misconduct of the jury in having "separated without leave of the court, after retiring to deliberate upon their verdict," of which the appellant complains as error, is the second statutory cause for a new trial in criminal cases. Section 1842, R. S. 1881. It was not properly assignable here as an independent error; but as it was assigned as cause for a new trial, in appellant's motion therefor, and as error is assigned here upon the overruling of the motion for a new trial, the matter complained of is thereby properly presented for our decision. The criminal code provides, in section 1842, *supra*, that "The court shall grant a new trial to the defendant for the following causes, or any of them: * * * * * *Second.* When the jury has separated without leave of the court, after retiring to deliberate upon their verdict." This section of the criminal code has specific application, of course, to what the trial court shall do in the cases enumerated therein. When the action of that court, in any of the cases specified, is brought before this court upon appeal, section 1891, R.

S. 1881, of the criminal code, prescribes our action, as follows :
" In the consideration of the questions which are presented
upon an appeal, the Supreme Court shall not regard technical
errors or defects or exceptions to any decision or action of the
court below, which did not, in the opinion of the Supreme
Court, prejudice the substantial rights of the defendant."

Now, if it be conceded that under the instructions of the
court the jury had no leave of the court to separate, after
they had agreed upon their verdict and reduced it to writing,
until it had been signed by their foreman, still, upon the facts
shown by the record and heretofore stated, and conceding,
without deciding, that the action of the trial court thereon
was erroneous, we would be bound to disregard such error ;
for we are clearly of the opinion that the error, if such it may
be called, was purely technical and did not prejudice the sub-
stantial rights of the appellant. Moore Crim. L., sections
310, 417 and 419; *Jarrell* v. *State,* 58 Ind. 293.

The next error assigned upon the record is that the court
erred in permitting the prosecuting attorney, when stating
the case to the jury, to say that the defendant had been con-
victed before a justice of the peace, and had appealed there-
from. There is no substance in this assignment of error. In
the statement of the case to the jury, the State's attorney had
the right to tell them how and where the case originated, and
how it had found its way into the circuit court. But, even
if the action of the court were erroneous, it would be our
duty, under section 1891, above quoted, to disregard the er-
ror, because, in our opinion, it did not prejudice the substan-
tial rights of the defendant. *Shepherd* v. *State,* 64 Ind. 43;
*Combs* v. *State,* 75 Ind. 215; *Morrison* v. *State,* 76 Ind. 335.

It is claimed by appellant's counsel that the court erred in
sending the jury out, after their separation, when it was shown
that their verdict was not signed by their foreman, to delib-
erate upon their verdict. It appears from the record, we think,
that the substantial rights of the appellant were not preju-
diced by this action of the court; for the record shows, as we

have seen, that the jury afterwards returned into court the same verdict, in the same words, with the addition only of the name of their foreman.

Appellant's counsel also insist that the court erred in placing the jury, when they retired for deliberation, in charge of a bailiff who was not sworn as such for that jury. It appears from the record that the officer in question had been sworn as bailiff of the jury for the term, and this would seem to be sufficient. Section 1828, R. S. 1881; *Hittner* v. *State*, 19 Ind. 48. At most the error, if such it be, was technical and did not, in our opinion, prejudice the substantial rights of the defendant. The affidavits in the record show that the bailiff of the jury performed his duties as such, in the manner required by the statute.

It is claimed by appellant's counsel that a new trial ought to have been granted for alleged misconduct of the jury in permitting their bailiff to be present in the jury room, at and during their deliberation. Upon this question affidavits and counter-affidavits were filed, and it was decided in favor of the State. We can not disturb this decision on the weight of the evidence. *Holloway* v. *State*, 53 Ind. 554; *Weaver* v. *State*, 83 Ind. 289; *Doles* v. *State*, 97 Ind. 555.

It is insisted, also, that the verdict of the jury was not sustained by the evidence. There is evidence in the record tending to sustain the verdict of the jury on every material point. In such case, this court will not, even in a criminal cause, disturb the verdict or reverse the judgment merely on the weight or sufficiency of the evidence. *Cox* v. *State*, 49 Ind. 568; *Long* v. *State*, 95 Ind. 481; *Doles* v. *State*, *supra*. It is claimed that the venue of the cause was not shown by the evidence, but in this, we think, counsel are mistaken. *Whitney* v. *State*, 35 Ind. 503; *Cluck* v. *State*, 40 Ind. 263; *Luck* v. *State*, 96 Ind. 16. The evidence in the record and the course of the trial were sufficient, we think, to authorize the jury to find that the offence was committed in Kosciusko county; and in such case, where there is no evidence to the contrary, and the verdict has met the approval of the trial

court, we ought not to disturb the verdict, on such a technical objection, upon the mere weight or sufficiency of the evidence.

It was in the discretion of the trial court, whether or not it would permit appellant to cross-examine persons whose counter-affidavits were filed by the State against the motion for a new trial, or give him time until the next day to file additional affidavits in support of such motion. The record fails to show that the court abused its discretion, in either of these particulars.

The judgment is affirmed, with costs.

Filed Jan. 31, 1885.