No. 15,071.

## SAGE v. THE STATE.

CRIMINAL LAW.—*Felony.*—*Accessory before the Fact.*—*Indictment.*—*Sufficiency of after Verdict.*—*Construction of Statute.*—Section 1734, R. S. 1881, providing that whenever an accused person is to be charged as an accessory before the fact, "the following (or words of similar import) shall be inserted after the statement of the offence committed by the principal: ' And the said A. B. was accessory before the fact to the said felony ' (here set forth how he aided and abetted the principal)," is mandatory, and an indictment which does not conform thereto, although sufficient in other respects, is bad, even as against a motion in arrest of judgment.

SAME.—*Repeal of Statute.*—*Will not Cure Previous Error.*—An indictment must be good according to the statute in force at the time the judgment is pronounced, and the subsequent repeal of the statute will not cure an error previously committed.

From the Grant Circuit Court.

*W. H. Carroll, A. E. Steele* and *J. A. Kersey,* for appellant.

*L. T. Michener,* Attorney General, *S. W. Cantwell,* Prosecuting Attorney, *J. H. Gillett* and *H. J. Paulus,* for the State.

MITCHELL, J.—The appellant was indicted and convicted as an accessory before the fact to the crime of murder.

The question for consideration is as to the sufficiency of the indictment after verdict to sustain a judgment as against a motion in arrest.

Concerning accessories we find the following in the code of criminal procedure : " Whenever the person accused is to be charged as an accessory before the fact, the following (or words of similar import) shall be inserted after the statement of the offence committed by the principal : 'And the said A. B. was accessory before the fact to the said felony' (here set forth how he aided and abetted the principal)." Section 1734, R. S. 1881.

With the exception that the above section of the statute

was entirely disregarded, the indictment is unquestionably sufficient, and conforms with the approved precedents. *Ulmer* v. *State*, 14 Ind. 52.

Is the statute mandatory, or may its provisions be dispensed with by construction? The crime of murder is defined in section 1904, R. S. 1881, and section 1788, R. S. 1881, declares that " Every person who shall aid or abet in the commission of any felony; or who shall counsel, encourage, hire, command, or otherwise procure such felony to be committed,—shall be deemed an accessory before the fact." These two sections must be looked to in order to ascertain what shall constitute a person an accessory before the fact, to the crime of murder.

Section 1734 declares that in charging an accused with being an accessory before the fact, certain specified words—or words of similar import—shall be inserted in the indictment after the statement of the offence committed by the principal. All of these sections are, therefore, to be regarded in determining whether or not the indictment is sufficient. *State* v. *Lay*, 93 Ind. 341.

Statutes are supposed to express the will of the sovereign power of the State, and it is the plain duty of courts to give effect to the legislative will without scrutinizing the reasons which may have induced the enactment of an unambiguous statute. Interpretation and construction are allowable when different meanings may be attributed to the language employed, but when the language used in expressing the legislative will is not only plain, but admits of but one meaning, the task of interpretation can hardly be said to arise. Endlich Statutes, section 4.

Courts may construe and interpret when construction and interpretation are necessary in order to discover the true meaning of a statute, but when the meaning is discovered, it is no more the province of the court to set aside a statute constitutionally enacted than it is the right of any other citizen to do so. Here is an express statutory requirement directing

in terms that not only the specific acts from which the inference might be drawn that the accused was an accessory before the fact to the felony alleged to have been committed, should be set out in the indictment, but that the general statement that he " was accessory before the fact to said felony," or words of similar import, should be inserted. Under this statute, " Not only must all the circumstances essential to the offence be averred, but these averments must be so shaped as to include the legal characteristics of the offence." Whart. Cr. Pl. and Pr., section 153. These words characterize the offence in general terms, and are made by statute an essential element in the charge of being accessory to a felony. An indictment which wholly disregards this statutory requirement does not state facts sufficient to charge a public offence.

" Where the statute prescribes or implies the form of the indictment, it is usually sufficient to describe the offence in the words of the statute, and for this purpose it is essential that these words should be used. In such case the defendant must be specially brought within all the material words of the statute; and nothing can be taken by intendment." Whart. Cr. Pl. and Pr., section 220.

Where the defect in an indictment is the omission to state matter expressly required by statute, the omission will not be cured by verdict. *Burroughs* v. *State*, 72 Ind. 334; *State* v. *Gove*, 34 N. H. 510.

Justice must use right means in attaining its ends, and its ends when attained must be such as the law allows. " Human laws are meant merely to conserve the outward order of society. And a part of this order, not less essential than any other part, consists in pursuing the exact methods which the law has laid down in bringing criminals to justice." 1 Bishop Cr. Proc., section 93; *Id.*, section 89.

As was aptly said in *Shepherd* v. *State*, 54 Ind. 25, " Here, the indictment is bad for non-conformity to the requirements of the statute. And if this court, for the sake of sustaining the conviction in this case, construes away some of the re-

quirements of the statute, the true test by which to deter-
mine the validity of an indictment is destroyed, and in each
succeeding case we shall be expected to depart further and
further from the statute, till the only rule left will be the
mere discretion of the court in each particular case."

It is a rule of pleading even in civil causes, that the omis-
sion of an averment which the statute makes essential to the
statement of a cause of action is not cured by a verdict.
*Mansur* v. *Streight*, 103 Ind. 358, and cases cited. This rule
should have special application in criminal pleading. Society
is more interested that even the guilty should be punished
according to law than that they should be merely punished.

The language of the statute can not be regarded as merely
permissive. It can not be supposed that the Legislature in-
tended to leave it wholly discretionary with the pleader
whether or not the omitted averment should be inserted.
Such a construction would be trifling with the statute, and
would rest upon the assumption that the Legislature had no
motive whatever in its enactment. Where the public or
third persons have an interest in the enforcement of a stat-
ute, its terms are to be regarded as mandatory. *Nave* v.
*Nave*, 7 Ind. 122; Endlich Statutes, section 312.

It is proper to remark that after the trial and conviction
of the appellant, section 1734 was repealed (see Elliott's
Suppl., section 304), but the repeal can not cure an error
which was committed while the previous law was in force.
It was necessary that the indictment should be good ac-
cording to the statute in force at the time the judgment was
pronounced.

The court erred in overruling the appellant's motion in
arrest.

Judgment reversed.

The clerk will make the proper order for the return of the
defendant.

Filed Oct. 15, 1889; petition for a rehearing overruled Oct. 19, 1889.