## POTTSI v. STATE OF INDIANA.

[No. 24,345. Filed May 16, 1924.]

1. RAPE.—*Aiding in.—Indictment.—Sufficiency.—Statute.*—An indictment charging that the defendant counseled and encouraged a third person to commit a rape on a girl under the age of sixteen, which sufficiently charged that the felony was committed by the principal, and, in the language of the statute, charged that the defendant feloniously "counseled, encouraged, hired and commanded" him to commit the felony, was sufficient under the provisions of §2095 Burns 1914, relative to the prosecution of accessories before and after the fact (*Sage v. State* (1889), 120 Ind. 201, distinguished). p. 598.

2. RAPE.—*Aiding in.—Evidence.—Sufficient to Convict.*—Evidence *held* sufficient to sustain a charge of "encouraging" the commission of the crime of rape on a girl under sixteen years of age. p. 599.

From Marion Criminal Court (54,586); *James A. Collins*, Judge.

Velva Pottsi was convicted of aiding in the rape of a girl of 15, and she appeals. *Affirmed.*

*John DeMarco*, for appellant.

*U. S. Lesh*, Attorney-General, and *Mrs. Edward Franklin White*, Deputy Attorney-General, for the State.

EWBANK, C. J.—Appellant was convicted of aiding in the rape of a girl of fifteen. She first complains of the ruling on her motion to quash the indictment. Except that we have substituted initials for proper names, the indictment charged that one G. T. "did then and there unlawfully, feloniously and forcibly make an assault in and upon one M. L. then and there being a female child under the age of sixteen years, to-wit, of the age of fifteen years, and did then and there feloniously and unlawfully ravish and carnally know her, the said M. L., and the said Velva Pottsi did then and there unlawfully and feloniously counsel, encourage, hire and command the said G. T. to do and commit the said felony in the manner and form aforesaid, contrary", etc.

The first part of the indictment sufficiently charged that the alleged felony was committed by the principal. §2250 Burns' Supp. 1921, Acts 1921 p. 373; *Murphy* v. *State* (1889), 120 Ind. 115, 22 N. E. 106; *Gordon* v. *State* (1912), 177 Ind. 689, 98 N. E. 627. And the last part, in the language of the statute, charged that the defendant feloniously counseled, encouraged, hired and commanded him to commit such felony. This was sufficient. §2095 Burns 1914, Acts 1905 p. 584, §224; *Ulmer* v. *State* (1859), 14 Ind. 52; *Whelchell* v. *State* (1864), 23 Ind. 89, 90; Gillett, Criminal Law (2d ed.) §17; Ewbank, Criminal Law §361.

Appellant cites and relies on the case of *Sage* v. *State* (1889), 120 Ind. 201, 22 N. E. 338. But the indictment

under consideration in that case was held insufficient for lack of averments required by a statute (§1734 R. S. 1881) which was repealed by an act (Acts 1889 p. 260, §3) that took effect one week after the circuit court from which that case was appealed had overruled the motion in arrest of judgment by which the indictment was challenged. And, upon the return of another indictment, which the record shows to have charged in the language of the statute that he "did then and there counsel, encourage, hire and command" the principal offender to commit the offense charged, the appellant was again convicted, and his conviction was upheld on appeal. *Sage* v. *State* (1891), 127 Ind. 15, 26 N. E. 667. Decisions based on the provisions of the common law or of statutes differing from those now in force in Indiana are not controlling in the case at bar.

Appellant also complains of the overruling of her motion for a new trial for alleged insufficiency of the evidence. There was evidence that appellant repeatedly went with the prosecuting witness in the evening to meet two men, one of whom was alleged to have committed the rape, and that each evening they remained some time with the men, once at a dwelling house and the other times in the basement of a store of which one of the men had charge as porter, and that, after the first meeting, appellant asked the girl if she had any immoral relations with the man she met, and when the girl said she did not, appellant told her to go on and do what he wanted her to, and then retired to another room with the other man, and left the girl and the man charged with the principal offense alone together, and that this advice and this conduct were repeated at each of three or four meetings; that the third or fourth time that appellant gave the girl this advice, she had invited the girl to go to a show, but took her to the basement of the storeroom, where they met the

two men, and being again left alone with the man named in the indictment, she submitted to him; that in the next few weeks thereafter, they repeatedly went together to the same place and met the same two men, and the offense was repeated; and that the girl was only a few days past fifteen years of age at the time. And there was also evidence that appellant manifested a guilty knowledge when discovery by the girl's family of the facts seemed probable. Counsel for appellant say that proof of acts done and words spoken to induce the girl to submit is not proof of counselling, encouraging, hiring or commanding the man to take advantage of her submission. But, to say the least, there was ample evidence that appellant "encouraged" him in pursuing his felonious purpose to its consummation, and we think the evidence also sufficient to support an inference that she "counselled and commanded" him to do so, if the court, sitting as a jury, drew such an inference.

The judgment is affirmed.