MARTIN *v.* STATE OF INDIANA.

[No. 30,122. Filed September 9, 1964. Rehearing denied December 7, 1964.]

*Mellen & Mellen* of Bedford, and *William C. Erbecker*, of Indianapolis, for Appellant Martin.

*Norman J. Neely* of Bloomington, for Appellant Axsom.

*Edwin K. Steers*, Attorney General, and *Carl E. Van Dorn*, Deputy Attorney General, for appellee.

MYERS, J.—This is an action based upon an affidavit in two counts filed in the Monroe Circuit Court, Monroe County, Indiana, charging appellants and one Chester Hillenburg with the crime of assault and battery with intent to commit rape and the crime of rape. Appellants filed an amended motion to quash each count of the affidavit which was overruled. Thereafter, they entered a plea of not guilty.

The issues were tried by jury in the Monroe Circuit Court on two separate occasions. On the first of such occasions the jury could not agree on a verdict and was thereupon discharged. During the interim between

trials, a separate trial was granted to Chester Hillenburg. Appellants were thereupon tried again by jury which returned its separate verdicts finding each of them guilty of rape. Judgment was rendered on the verdicts and appellants were each sentenced to the Indiana Reformatory for a term of not less than two nor more than twenty-one years. Motions for new trial were filed separately by each appellant, which were overruled by the court. This appeal followed.

The assignment of errors alleges that the court erred in overruling the amended motion to quash and in overruling the motions for new trial. In the Argument section of their brief, appellants have set forth verbatim the two separate motions for new trial filed by them. Each contains six grounds. Those numbered 1, 2, 3 and 4 of appellant Martin's motion are specifically waived. Grounds 1, 3 and 4 of appellant Axsom's motion are not argued as error and so are waived. Supreme Court Rule 2-17(e) and (f). Ground No. 2 contends that appellant Axsom was required to be tried jointly with appellant Martin, and that Martin was improperly and insufficiently represented, all of which resulted in Axsom's conviction. Counsel for appellants say:

> "While we do not like to find fault or criticize, we are inclined to agree with this ground *provided it is given a broader application*, . . . . " (Our emphasis.)

Although some reference is made to pages in the transcript, nothing is set forth relative thereto, and only the general conclusion is made that "appellants were for all practical purposes not defended, . . . ." Thus, this ground is waived pursuant to Supreme Court Rule 2-17(e) and (f).

Grounds Nos. 5 and 6 of each motion for new trial

stated that the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

The evidence most favorable to the State as set forth in the record reveals the following: On Sunday, November 29, 1959, the prosecuting witness, who was twenty-two years old at the time, and a self-styled boy friend, Lewis Flynn, were picked up in an automobile by appellants and Chester Hillenburg and driven from her home in Bloomington, Indiana. Appellant Martin was driving. They stopped at a filling station and one of the other men asked Flynn to go in and buy some cigarettes there. When he had left the car, the others drove off. The prosecuting witness asked if they were going to drive her home and they answered in the affirmative. However, they left Bloomington and drove into the rural southeast part of Monroe County which was a very isolated section. Appellant Martin turned off a country road and drove down a little-used lane, stopping in a grove of trees. He and Hillenburg left the car, with the prosecuting witness and appellant Axsom in the back seat. At that time, appellant Axsom announced his intention to have sexual relations with her and started to push her down in the seat, pinning her arms as he did so. She managed to escape the confines of the automobile, but Axsom chased her. The other two men joined in the chase and all three of them caught her and threw her down on the ground where there was a blanket which one of them had gotten from the car. They tore her underpants off, and, although still struggling, appellant Axsom had intercourse with her there. Afterward, the three of them took her back to the car. She was placed in the back seat where Hillenburg forced her to engage in sexual intercourse with him. The prosecuting witness claimed that at no time did she agree to the men having relations with her, but fought and called for help when attacked.

Appellant Martin drove the car in the section known as Chapel Hill for some gasoline. When he stopped, the prosecuting witness escaped from the car and ran to a grocery store where she told people there what had happened to her. At the time she was described as looking frightened, her hair was uncombed, and her clothing was not clean, but had dirt on it. Later she was driven to the County Sheriff's Office where she made a report. From there she was taken to Bloomington Hospital and was examined that evening by physicians who found bruises and lacerations and other medical evidence that she had been engaged only recently in some sort of unnatural, violent sexual intercourse.

Appellant Martin was arrested along with the other two men. He led police officers to the area where the assaults took place. The ground was matted down and the torn underpants of the prosecuting witness were found there. He identified them and answered questions concerning the physical aspects of the area and described weather conditions. He said the temperature was below freezing.

Appellant Axsom admitted having relations with the prosecuting witness, but claimed it was accomplished with her consent and without force on his part. Appellant Martin claims that the evidence does not show that he engaged in sexual intercourse with her and so could not be guilty of rape.

This court cannot weigh conflicting evidence. Whether there is carnal knowledge of a woman, with force, against her will, or with lack of consent, are matters of fact to be determined by a jury. *Ritter* v. *State* (1946), 224 Ind. 426, 67 N. E. 2d 530. From the evidence presented, the jury could have found appellant Axsom guilty of rape as charged.

As to appellant Martin, there was no evidence that he had sexual relations with the prosecuting witness.

However, there was testimony that he had driven the car with the others in it, that he helped catch the prosecuting witness when she escaped from Axsom, threw her to the ground and tore her underpants off.

The following accessory before the fact statute is in force and effect in Indiana:

> "Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command, or otherwise procure a felony to be committed, may be charged by indictment, or affifavit, tried and convicted in the same manner as if he were a principal, either before or after the principal offender is charged, indicted or convicted; and, upon such a conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal." Burns' Ind. Stat., § 9-102, 1956 Replacement.

There was sufficient evidence from which the jury could have found that appellant Martin was within the category of aiding and abetting the crime of rape pursuant to such statute.

Appellants argue that the verdict was contrary to law. However, it is only when the evidence is without conflict and can lead to but one reasonable conclusion, and the jury has reached a contrary conclusion, that the verdict will be disturbed as being contrary to law. *Bowens* v. *State* (1953), 231 Ind. 559, 109 N. E. 2d 91. The evidence herein most favorable to the State will not permit a reversal on the ground that the verdict is contrary to law.

It is claimed that there was error in overruling appellants' amended motion to quash. There it was alleged that the facts stated in counts one and two of the affidavit did not constitute a public offense, nor that they stated the offense with sufficient certainty. In argument, appellants contend duplicity in that two separate and distinct offenses, being assault and

rape, are charged in count two. This court has upheld similar charges of rape. *Pottsi* v. *State* (1924), 194 Ind. 597, 143 N. E. 673; *Cheek* v. *State* (1908), 171 Ind. 98, 85 N. E. 779; *Anderson* v. *State* (1886), 104 Ind. 467, 4 N. E. 63, 5 N. E. 711; *Vance* v. *State* (1879), 65 Ind. 460; *Whitney* v. *State* (1871), 35 Ind. 503.

The court did not err in overruling the amended motion to quash.

Judgment affirmed.

Achor, C. J., and Arterburn and Landis, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 201 N. E. 2d 42.