MARTIN *v.* STATE OF INDIANA.

[No. 30,122. Filed December 13, 1965.]

---

*Everett Axsom, pro se.*

MYERS, C. J.—Petitioner, Everett (petitioner now spells his name as Evert) Axsom, was convicted of the crime of rape, together with one Dean Martin, in the Monroe Circuit Court after a trial by jury. Both defendants were sentenced to the Indiana State Reformatory for a period of not less than two nor more than twenty-one years. They appealed their conviction to the Indiana Supreme Court which upheld and affirmed the judgment of the Monroe Circuit Court in an opinion handed down on September 9, 1964. Rehearing was denied December 7, 1964. *Martin* v. *State* (1964), 246 Ind. 43, 201 N. E. 2d 42.

On June 24, 1965, Everett (Evert) Axsom, pro se, filed a verified petition to withdraw the transcript in this case, stating that the Circuit Court judge refused to grant him a transcript and that the State Public Defender would not give him legal assistance in the matter. He alleges in rhetorical paragraphs 4 and 5 of his petition as follows:

"4. That new evidence is now in the possession of the affiant and that a transcript of evidence, in his case, is necessary in order for him to properly prepare a petition which will effect his release from unlawful imprisonment.

"5. That in accordance with Rule 2-33, of the Supreme Court of Indiana, the affiant herein respectfully requests possession of the transcript of evidence, in his case, for a period of time to be determined by the Court, and requests that said transcript of evidence be made available to the affiant at his present address."

In the first place, the petition contains no statement of facts upon which he bases the newly-discovered evidence. It does not clearly show that the evidence is such as would probably change the result of the case if a new trial is granted; that it is material to the issue; that due diligence was used in obtaining the new evidence; and that it is not cumulative or impeaching.

In the second place, Supreme Court Rule 2-33 applies only to circumstances where an appeal has been dismissed and a request is made to withdraw the transcript to be used in another appeal or for any other purpose. It does not apply in this case where the appeal was perfected, heard by this court and decision rendered without dismissal.

In the third place, there are post-conviction remedies of which petitioner may avail himself if there is merit in his allegations. Supreme Court Rules 2-40 and 2-40A.

For these reasons, the petition is denied.

Arterburn, J., concurs. Jackson, J., concurs in result.

NOTE.—Reported in 212 N. E. 2d 158.