## BURCK v. DAVIS.

[No. 5,304. Filed February 1, 1905. Rehearing denied April 6, 1905. Transfer denied June 8, 1905.]

1. PLEADING.— *Complaint.— Partition Fences.— Liens.—Exhibits.—*A complaint for the foreclosure of a lien for the repair of a partition fence should allege the steps taken under the statute (§6564 Burns 1901, Acts 1897, p. 184, §1), culminating in a valid lien; and exhibits, showing such steps, filed with and made part of the complaint, will be regarded as a part thereof. p. 652.

2. SAME. — *Complaint. — Foreclosure of Lien for Partition Fences. — Title.—*Where the plaintiff, in an action for the foreclosure of a lien for the repair of a partition fence, proceeds definitely upon the theory that the parties are the owners of the lands in fee simple, an objection that the complaint does not expressly so allege is not well taken. p. 653.

3. SAME.—*Complaint.—Partition Fences.—Allegation of.—*Where the complaint alleges that certain lands belong to plaintiff and certain lands to defendant, and they are separated by a partition fence, and that such fence runs "between their said lands," and that such fence is "constructed and used" as a partition fence, it is sufficiently shown that such fence is a partition fence within the statute (§6564 Burns 1901, Acts 1897, p. 184, §1). p. 653.

4. PLEADING.—*Complaint.—Partition Fences.—Repair by Adjoining Owner.*—It is not necessary for the adjoining owner to allege in an action for the foreclosure of a lien for the repair of a partition fence that he has kept his portion in good repair. p. 654.

4a. CONTRACTS.—*Partition Fences.—Repairs.—Statute of Frauds.*—A contract by the owners that each should keep in repair a certain part of their partition fence is not within the statute of frauds. p. 654.

5. FENCES.—*Partition.—Lien for Repairing.—Contracts.*—An .action for the foreclosure of a lien for the repair of a partition fence is not one for damages for the breach of a contract obligation. p. 654.

6. APPEAL AND ERROR. — *Conclusion of Law. — Exceptions. — Assignment.—Form.*—An assignment of error, that the court erred "in overruling the defendant's exception to the conclusion of law. stated upon the special finding of facts," presents no question. p. 655.

7. JURY.—*Right of Trial By.—Liens.—Foreclosure.—Partition Fences.*—A jury trial is not demandable in an action to foreclose a lien for the repair of a partition fence. p. 655.

8. EVIDENCE.—*Contractor's Certificate.—Partition Fences.—Foreclosure of Lien.*—The record of the certificate given by the township trustee to the contractor for the repairing of a partition fence is competent evidence in an action to .foreclose the lien for such repairs. p. 655.

9. LIENS. —*Partition Fences.— Repair of.— Attorneys' Fees.*— The plaintiff, in an action for the foreclosure of a lien for the repair of a partition fence, may recover a reasonable fee for his attorney by virtue of the statute (§6566 Burns 1901, Acts 1897, p. 184, §3). p. 655.

10. APPEAL AND ERROR.—*Appellate Court Rules.—Briefs.*—Failure of appellant to comply with Appellate Court rule 22 in relation to the preparation of his brief as regards the evidence precludes the consideration of any question thereon. p. 656.

From Lagrange Circuit Court; *William J. Davis,* Special Judge.

Action by Eugene Davis against Lavina Burck. From a decree for plaintiff, defendant appeals. *Affirmed.*

*R. P. Barr, P. B. Green, O. L. Ballou* and *H. G. Zimmerman,* for appellant.

*John W. Hanan,* for appellee.

BLACK, J.—A demurrer of the appellant to the amended complaint of the appellee, for want of sufficient facts, was overruled. In the amended complaint it was, in substance,

alleged, that the appellant, June 19, 1901, was the owner of certain described land in Lagrange county, which then was and ever since had been enclosed, and was separated by a partition fence from the land of the appellee on' the west side of the land of the appellant, and which then was and for many years prior thereto had been enclosed, and which at that date had been continuously, for more than ten years, separated from the land of the appellee on the west side of appellant's land by a fence, which at that time, and also on March 6, 1897, was constructed and used as a partition fence; that the appellee and the appellant and their predecessors had agreed that each should maintain a certain part of this partition fence; that the appellant should maintain and keep in repair seventy-nine rods of the partition fence, her proportion of said fence being described by setting forth the points of commencement and terminus and the course and distance; that June 19, 1901, the appellant's portion of the fence, or that part of the partition fence which it had been agreed that the appellant should maintain and keep in repair, was out of repair, and was defective and insufficient, and appellant's said partition fence would not turn stock, and was not sufficiently tight to hold hogs, sheep, cattle, mules or horses; that on and prior to that date the appellant had failed and refused to rebuild or repair her part of the fence, or compensate for building or repairing her part and portion of the partition fence, which was seventy-nine rods thereof, and the appellant then so failed and refused and ever thereafter has failed and refused to repair or rebuild her portion of the partition fence; that the appellee, as such landowner, and interested in said partition· fence, gave to the appellant and served upon her notice in writing requiring and demanding from her to repair, rebuild, or compensate for the repairing of her portion of the fence, a copy of which notice was filed as an exhibit with the complaint; that this notice was served on the appellant June 19, 1901; that she did not compensate the appellee for

such partition fence, nor did she repair or rebuild the same at any time thereafter; that twenty days after service of the notice, the fence not having been rebuilt or repaired, and the appellant having further refused to compensate the appellee for rebuilding or repairing the fence, the latter, December 11, 1901, served upon the trustee, naming him, of the township in which said real estate and said fence were situate, a notice in writing, a copy of which was made an exhibit, setting forth specifically the location of the fence, and showing that it was not a lawful partition fence; and thereafter, at the request and demand of the appellee, the trustee made out a written statement of the fact that said portion of said fence, so agreed to be maintained by the appellant, was not a lawful partition fence, and the due proportion and the amount of compensation the appellant should make in such repairs, and the trustee, April 23, 1902, delivered a copy thereof to the appellant, a copy of which was filed as an exhibit; that twenty days after the written statement was delivered to the appellant by the trustee the appellant had not rebuilt her share of the fence or made repairs thereto or compensated the appellee for so doing, as pointed out in said statement, and the trustee gave notice of the letting of the work of making such repairs, by written notices posted in three of the most public places in the township, the several places being stated in the pleading. A copy of this notice was made an exhibit. It was further alleged, that at the expiration of said notice, and at the time and place fixed therein, the trustee duly let the work by written contract, a copy of which was made an exhibit, to the appellee, who was the lowest responsible bidder, and took from him a bond for the faithful performance of his contract for the performance of the work, with sufficient solvent surety; that the appellee performed the work in accordance with this contract, and thereafter rebuilt said seventy-nine rods of said partition fence which it was the duty of appellant to rebuild, construct and repair,

by building a fence, particularly described in the pleading. It was alleged that the fence so constructed was of the materials and according to the plans commonly used by the farmers of that township; that upon the completion of the work the trustee gave to the contractor—the appellee—a certificate, properly authenticated, showing the amount of work done, the amount and kind of material used, the contract price for the work and material, and the whole amount due the appellee as such contractor, also the amount due the trustee for his services, with the description of the land of the appellant. A copy of this certificate was made an exhibit. It was alleged that the amount due the appellee from appellant under this certificate was $75.05, and the amount due the trustee thereunder was $24; that the appellee, in August, 1902, demanded of the appellant the payment of said sum, together with $24 due the trustee, and the payment not having been made, and the appellant having refused to make payment, the certificate was, by the appellee, caused to be recorded in the office of the recorder of said county in the mechanics'-lien record, etc., which was done August 26, 1902; that the recorder properly indexed the recorded certificate, and that the amount named therein was a lien upon the real estate aforesaid, described in the certificate, which sum, it was alleged, was due the appellee and still unpaid; that a reasonable fee for appellee's attorney for foreclosing this lien was $100. Prayer, that the lien be foreclosed, and that the real estate, or so much as necessary, be sold for the payment thereof.

1. The statute of March 6, 1897 (§6564 Burns 1901, Acts 1897, p. 184, §1), provides: "That all fences now constructed and used by adjoining landowners as a partition fence or fences unless otherwise specially agreed upon by such landowners shall be deemed partition fences and shall be built, maintained, repaired and paid for as hereinafter provided." By subsequent portions of the statute it is provided that all partition fences shall be built and kept

in repair at the cost of the several landowners whose lands are enclosed (such lands being separated by the partition fences), equally, etc., "whether his, her or their title be in fee simple or a life estate." In case such a landowner shall fail or refuse to compensate for building or repairing his portion of fence, provision is made for proceedings such as were pursued by the appellee for acquiring a lien on the land of the delinquent landowner. The performance of the requirements thus provided for, including the giving of various notices as shown in the complaint, whereby the lien is created, should be shown in seeking a foreclosure of such lien; and we think the various exhibits, filed as such with the complaint of the appellee, may properly be regarded as parts of the pleading.

2. Whatever might properly be said of the suggestion of counsel that in such a case the complaint should show that the plaintiff was an owner in fee simple, or held a life estate in his land, the appellee's complaint is not subject, in truth, to objection on such ground; for it affirmatively and clearly appears from the complaint, including its exhibits, that the appellee proceeded upon the theory that the parties respectively had title in fee simple.

3. It is further objected that it was not averred that the fence was on the line dividing the lands of the parties, and that it was built as a partition fence pursuant to an agreement of the parties, and that the right or easement of a partition fence had been created by deed or by prescription. It was shown by the complaint that certain particularly described land was owned by the appellant, and that this land was enclosed and was separated, by partition fence, from the land of the appellee, on the west side of appellant's described land, and the situation of the fence was stated, a part of the description showing that it extended from a certain point on the line between the parcels "north between their said lands," etc.; and also that, at the date of the enactment of the statute above mentioned, this fence was

"constructed and used" as a partition fence. The statute (§6564 Burns 1901, Acts 1897, p. 184, §1) requires that such fences "shall be deemed partition fences and shall be built, maintained, repaired and paid for" as in the statute provided. Whether required or not, the complaint did show substantially that the partition fence was on the line dividing the land of one party from that of the other. It also showed, in the language of the statute, that it was such a fence as must be deemed a partition fence; and the pleading having thus shown the fence to be one which, by the requirement of the statute, was to be built and kept in repair at the cost of the several landowners, whose enclosed lands it separated, it was not necessary to show more definitely or particularly the origin of the right and the obligation.

· 4.    It was not necessary, we think, for the appellee to aver that he had performed his obligation to keep his portion of the fence in repair. It was shown that the appellee was a landowner interested in the fence, and that the appellant was a person who was under obligation to compensate for repairing a certain portion of fence, and that she had failed to do so. This brought the matter within the statutory provisions.

4a.    The agreement of the parties designating the equal portions to be kept in repair by them respectively was not a contract within the statute of frauds; it was an allowable, convenient method of assigning definitely the equal proportion "of the fence" or "share of the fence" to be built and kept up by each party. See Baynes v. Chastain (1879), 68 Ind. 376; Bruner v. Palmer (1886), 108 Ind. 397.

5.    The appellee's action, brought by him as the contractor having a lien, was not one for the recovery of damages for nonperformance of a contract, but was one to enforce a lien acquired as provided for by the statute. Each party had the same right to enforce this obligation of the other by the same statutory method, which contemplated a commencement of proceedings by the party aggrieved, "the

landowner interested," without regard to the question whether he had suffered any pecuniary loss through the failure or refusal of the other party to cause his equal portion of the fence to be properly repaired. It is only necessary for the plaintiff, the contractor, or the township trustee, seeking the foreclosure of the lien, to show in the complaint that the requirements of the statute have been pursued. The complaint seems sufficient. Issues were formed which were tried by the court, the request of the appellant for a trial by jury having been overruled.

6. The court, upon request for a special finding, stated the facts in writing, and stated a single conclusion of law, to which the appellant excepted. It is assigned here that the court erred "in overruling the defendant's exception to the conclusion of law stated upon the special finding of facts." This assignment is not directed against any action of the court shown by the record, and it does not present any question for review here. This has been expressly decided. *Starkey* v. *Starkey* (1894), 136 Ind. 349. See, also, *Midland R. Co.* v. *Dickason* (1892), 130 Ind. 164; *Nading* v. *Elliott* (1894), 137 Ind. 261; *North British, etc., Ins. Co.* v. *Koontz* (1897), 17 Ind. App. 625, 628.

7. The appellant's motion for a new trial was overruled. It is claimed that the overruling of the appellant's request for a trial by jury was erroneous. Since the filing of appellant's brief it has been decided that in such a suit as the one at bar, to foreclose a statutory lien against real estate, calling for the exercise of the equity powers of the court, there is no error in denying a jury trial. *Tomlinson* v. *Bainaka* (1904), 163 Ind. 112.

8. There was no error in admitting in evidence the record of the certificate, delivered by the township trustee to the contractor, in the "miscellaneous record" in the office of the county recorder. *Tomlinson* v. *Bainaka, supra.*

9. The court permitted the introduction of testimony tending to prove the amount of the reasonable fees of the

appellee's attorney, for services as such, in this foreclosure suit. The statute (§6566 Burns 1901, Acts 1897, p. 184, §3) provides for the foreclosure of the lien by the contractor "under the same rules and regulations that mechanics' liens are foreclosed." Among the rules and regulations provided for suits for the enforcement of mechanics' liens is a provision that "if the plaintiff or lien holder shall recover judgment in any sum, he shall also be entitled to recover reasonable attorney's fees, which shall be entered by the court trying the same, as a part of the judgment in said suit." §7267 Burns 1901, Acts 1883, p. 140, §14. It seems to have been intended to provide relief against the land of the defaulting landowner not less extensive than is provided in the statute for the enforcement of liens of mechanics. It is expressly enacted that the statute of 1897, above mentioned, shall be liberally construed. §6569 Burns 1901, Acts 1897, p. 184, §6.

Objections are urged to a number of other rulings admitting evidence, the grounds of objection suggested here, in most instances, not corresponding with those proposed in the court below. We have examined all of these rulings, and find that none of them are of importance.

10. As suggested for the appellee, counsel for the appellant have not complied sufficiently with our rules relating to briefs to require us to determine the question as to the sufficiency of the evidence.

Judgment affirmed.