DEEMER ET AL. v. KNIGHT ET AL.

[No. 8,108.  Filed January 16, 1914.]

1. FENCES.—*Partition Fence.*—*Foreclosure of Lien.*—*Complaint.*— *Burden of Proof.*—A complaint for the foreclosure of a lien for the cost of constructing a partition fence in pursuance to the provisions of §7377 *et seq.* Burns 1908, Acts 1897 p. 184, need not aver that at the time the proceedings were begun, the lands of the defendant were enclosed by a fence to retain stock, but the defendant has the burden of alleging and proving that his lands are within the exception of the statute.  p. 397.

2. TRIAL.—*Failure to Find Fact.*—The failure of the trial court to find a fact as to which defendant had the burden of proof is equivalent to a finding against him as to such fact.  p. 398.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by Albert H. Knight and others against William H. Deemer and others.  From a judgment for plaintiffs, the defendants appeal.  *Affirmed.*

*C. W. Watkins, Charles H. Butler* and *R. A. Kaufman,* for appellants.

*George M. Eberhart, Fred H. Bowers* and *Milo Feightner,* for appellees.

HOTTEL, J.—This is an appeal from a judgment in favor of appellees foreclosing a lien for the cost of constructing a partition fence in pursuance of the provision of the act of 1897 (Acts 1897 p. 184, §7377 *et seq.* Burns 1908). There was a special finding of facts and conclusions of law. The errors relied on for reversal, call in question the ruling of the trial court on a demurrer to the complaint and the correctness of the several conclusions of law.

The objection urged to the complaint is that it contains no averments that, at the time the proceedings were begun, the lands of the appellants Deemers were enclosed by a fence to retain stock.  Such an allegation was unnecessary.  *Tomlinson* v. *Bainaka* (1904), 163 Ind. 112, 70 N. E. 155; *Collins* v. *Wilber* (1910), 173 Ind. 361,

363, 364, 89 N. E. 372. The objection urged to the complaint is also urged to the special finding of facts and because of the absence of a finding of the character indicated, it is insisted, in effect, that such finding is not sufficient to support the conclusions of law stated thereon. Under the authorities cited the burden was on the appellants to allege and prove that their lands were within the exceptional class, and the failure of the trial court to find such fact

2. is equivalent to a finding against them as to such fact. Other facts alleged in the complaint, and found by the court were, we think, sufficient in any event to show that the fence in controversy was in fact a partition fence and one which said appellants should have helped to maintain and keep in repair.

Judgment affirmed.

NOTE.—Reported in 103 N. E. 868. As to partition fences, see 68 Am. Dec. 626; 54 Am. St. 513. See, also, under (1) 19 Cyc. Anno. 474; (2) 38 Cyc. 1985.