## SAMS *v.* KERN.

[No. 18,183.  Filed May 28, 1951.]

*C. James McLemore,* of Indianapolis, for appellant.

*Johnson & Zechiel,* of Indianapolis, for appellee.

WILTROUT, J.—Appellant's action is for the possession of real estate and damages for its wrongful detention. Appellee filed an answer and also a pleading which is denominated a cross-complaint for damages, based upon an assault and battery alleged to have occurred on a date subsequent to the date of the filing of the complaint.

Appellant filed his demurrer to appellee's cross-action upon the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and this action is assigned as error.

Trial by jury resulted in a verdict against appellant on his complaint, and in favor of appellee on his cross-action in the sum of $450. Judgment was entered accordingly.

In the memorandum to the demurrer appellant does not deny that a cause of action is stated. Rather, the memorandum questions the propriety of the cross-action as such, as distinguished from its substantive sufficiency.

Appellee urges that this question may not be raised by a demurrer, but only by a motion to strike.

The cause of action alleged by appellee is not germane to the subject-matter of the complaint. It does not arise out of and is not connected with appellant's cause of action.

There is some discussion in the briefs as to the nature of the pleading filed by appellee, as to whether it is properly called a set-off, a counter-claim or a cross-complaint. "The name given to a pleading, however, does not always truly characterize it. It is the material facts incorporated therein that determine its force and effect." *New York Life Ins. Co.* v. *Adams* (1931), 202 Ind. 493, 176 N. E. 146.

Our courts have often used the words "counter-claim" and "cross-complaint" indiscriminately, although, strictly speaking, they are not synonymous. *New York Life Ins. Co.* v. *Adams, supra.*

Judge Flanagan has succinctly summarized the principal differences between the three types of proceedings in his *Indiana Pleading and Procedure,* § 187, p. 234: "The distinguishing features of the set-off, counter-claim and cross-complaint are, (1) the set-off is a counter-action *against the plaintiff* and grows out of matter *independent* of his cause of action; (2) the counter-claim is a counter-action *against the plaintiff* but *grows out of or is connected with* his cause of action; (3) the cross-complaint also grows out of or is connected with plaintiff's cause of action but it is against one or more co-defendants. See also: *New York Life Ins. Co.* v. *Adams, supra; State* v. *Patten* (1936), 209 Ind. 482, 199 N. E. 577; *Heaton* v. *Lynch et al.* (1894), 11 Ind. App. 408, 38 N. E. 224; Burns' 1946 Replacement, §§ 2-1016, 2-1018.

A cause of action sounding in tort may not be pleaded as a set-off, at least where the question is properly raised. *The Indianapolis and Cincinnati R. R. Co.* v. *Ballard et ux.* (1864), 22 Ind. 448; *Grose* v. *Dickerson* (1876), 53 Ind. 460; *Avery et al.* v. *Dougherty* (1885), 102 Ind. 443, 2 N. E. 123; *French* v. *Fletcher Trust Co.* (1938), 105

Ind. App. 221, 12 N. E. 2d 386; *Wainwright* v. *P. H. & F. M. Roots Co.* (1912), 176 Ind. 682, 97 N. E. 8.

Appellee's counter-action is not a cross-complaint because it is directed against appellant only. It is not within the statutory definition of a counter-claim because it is not a matter arising out of or connected with appellant's cause of action. Burns' 1946 Replacement, § 2-1018. Inasmuch as it sounds in tort it is not proper as a set-off.

The proper practice in this case would have been for appellant to move to strike out. 2 Lowe's Revision, *Works' Indiana Practice,* § 17.25, p. 23; § 18.6, p. 34; § 19.16, p. 51; 1 Gavit, *Indiana Pleading and Practice,* § 142, p. 666; § 143, p. 668; Flanagan, *Indiana Pleading and Procedure,* § 165, p. 220; § 182, p. 232; § 191, p. 237; *French* v. *Fletcher Trust Co., supra.*

Is a demurrer also a proper device by which to raise the question? We hold that it is not.

It has been held that where a set-off states a cause of action the question of the right to interpose the set-off, in view of procedural restrictions, is not properly raised by demurrer, and it is not error to overrule the demurrer. *Howlett* v. *Dilts* (1892), 4 Ind. App. 23, 30 N. E. 313; *Boil et al.* v. *Simms* (1877), 60 Ind. 162.

There is no valid distinction as to the manner of raising the question based upon whether the pleading is a set-off, a counter-claim or a cross-complaint. The same rule should therefore apply to all. The demurrer statute does not include any provision which deals with this type of question. Burns' 1946 Replacement, § 2-1007. Nevertheless, it has been said, (referring to counter-claims) "the Indiana cases are not entirely clear as to the proper procedure under which this question may be raised. It has been assumed

that the question should be raised by a motion to strike out and thus it would follow that the question is not properly raised by a demurrer for insufficient facts, although other cases have indicated a contrary view." 1 Gavit, *Indiana Pleading and Practice*, § 143, p. 668. The same author says, in Vol. 2, § 279 (g), p. 1940:

> "By implication at least a number of earlier cases held that the question of the propriety of a counterclaim as such (as distinguished from its substantive sufficiency) could be raised by demurrer for insufficient facts. Other cases by implication at least have held that the question may be raised by motion to strike out. The former holding is clearly incorrect and the latter correct. It is settled in the cases on set-off and cross-complaints that the question may only properly be raised by motion to strike, and by analogy the same result must follow in this field."

In a number of cases, cited in 2 Lowe's Revision, *Works' Indiana Practice*, § 17.25, p. 24, note 2, both this court and the Supreme Court have passed upon demurrers for insufficient facts addressed to counterclaims where the propriety of the counter-claim, and not its substantive sufficiency, was questioned. This alone does not approve of such use of a demurrer as being proper procedure. It does not appear in the cases called to our attention or in those revealed by our research, that the question of the propriety of the use of a demurrer in place of a motion to strike was raised. Both appellant and appellee seem to have assumed that the question was properly raised.

Moreover, where the trial court accepts a demurrer as properly raising the question, as where such a demurrer is sustained, the defendant is not legally harmed if the counter-action was such that it should have been stricken out on motion. The fact that the appellate courts in such cases have passed

upon the propriety of the counter-action is based upon the acceptance of the demurrer by the trial court as raising the question, and does not necessarily approve such procedure. 1 Gavit, *Indiana Pleading and Practice*, § 142, p. 666; § 143, p. 668. Thus it has been held that sustaining a defective demurrer to a defective pleading is harmless. *Duffy* v. *England* (1911), 176 Ind. 575, 584, 96 N. E. 704; *State, ex rel.* v. *Palmer* (1915), 184 Ind. 7, 110 N. E. 213. This court reached an opposite conclusion in *Penn-American, etc., Co.* v. *Harshaw, etc., Co.* (1910), 46 Ind. App. 645, 90 N. E. 1047, where demurrers were filed to set-offs and counter-claims and were sustained. This court there ruled that while the question of procedural propriety of a counter-claim was raised by the demurrer, which was sustained, no question was raised by the sustaining of a demurrer to a set-off. This result as to the set-offs was reached, erroneously we believe, by giving too broad an interpretation to the cases of *Howlett* v. *Dilts, supra,* and *Boil et al.* v. *Simms, supra,* which went no further than to hold that it was not error to *overrule* such a demurrer to a set-off.

If the court overrules a demurrer for insufficient facts, which demurrer does not question the substantive sufficiency of a set-off, counter-claim or cross-complaint, then, indulging the necessary presumptions in favor of the trial court, we must conclude that the decision overruling the demurrer resulted from the fact that it was not a proper method of raising the question, and was not accepted as raising the question. Any statements or implications to the contrary in any opinions of this court are hereby overruled.

Appellant further contends that the damages assessed are excessive. The evidence in this case is not before

us. Appellant's argument is to the effect that the $450 damages awarded are excessive in view of the injuries pleaded. No authorities are cited in support of this contention. Severe personal injuries are alleged to have been sustained by reason of appellant's assault and battery of appellee with his fists and a knife, including bruises, a knife cut, and great pain and agony. We cannot say, upon the record before us, that the damages are excessive.

We find no error, and the judgment is affirmed.

Royse, J., concurs in result.

NOTE.—Reported in 98 N. E. 2d 920.