MOORE ET UX v. BOXMAN.

[No. 20,497. Filed March 27, 1969. No petition for rehearing filed.]

*Lewellyn H. Pratt*, Bloomington, for appellants.

*James E. Hawes, Jr., Alan H. Lobley*, Indianapolis, *James R. Regester, Harrell E. Young*, Bloomington, and *Ice Miller Donadio & Ryan*, of counsel, Indianapolis, for appellee.

HOFFMAN, J.—This appeal comes to us from a judgment adverse to appellants (defendants below). An action was brought by appellee Henry F. Boxman against Norris H. Moore and Lucille Moore, appellants, and three insurance companies. The three insurance companies filed answer and interpleader. With the consent of the parties a judgment and order of interpleader was entered discharging the three insurance companies.

The issues were closed on a third amended complaint, second supplemental complaint, and answers and replies filed thereto.

Trial was to the court without the intervention of a jury. Appellee was granted a lien and the Clerk of the Monroe Circuit Court was ordered to pay the amount of such lien from the insurance proceeds on deposit with him.

Appellant filed motion for new trial, the overruling of which is the sole error assigned on appeal.

The record before us discloses the following: Appellee had operated a restaurant on leased premises until January 1, 1957, at which time he sold the same to appellants. A sales agreement, assignment of lease with a term of seven years remaining, promissory note and chattel mortgage were exe-

cuted. A consent to assign the lease was obtained from the lessor, but the lessor refused to release appellee from his obligations under the lease.

The chattel mortgage covering personal property and replacements was given by the appellants to the appellee to secure the following:

1. The payment of the promissory note.

2. The prompt payment of all rental payments due under the assigned lease, and to secure the faithful performance by the appellants of all things which the lessee named in the lease had, by said lease, agreed to perform.

3. To indemnify appellee from all loss arising from appellee's liability and obligations under the lease.

4. To secure the faithful performance by appellants of all things agreed to be performed by appellee as lessor in a lease by appellee subleasing part of the premises.

5. To secure the faithful performance of appellants' agreements in the sales agreement, and to indemnify appellee from all loss arising from appellants' failure to do so.

6. To secure appellants' faithful performance of their agreements and to indemnify appellee from all loss arising from appellants' failure to so perform.

The chattel mortgage further provided that appellants could not remove the property without written consent of appellee, and provided further that appellants were to keep such property insured.

Appellants took possession in 1956. In February, 1960, a fire occurred destroying or damaging all the personal property. The amount of damage as agreed between the appellants and the insurance companies was $23,506.59.

The lease provided that in the event of fire the lessor would have ninety days to put the building into a tenantable condition, for which time rental abated, which provision lessor fulfilled. Appellants resumed the rental payments through Aug-

ust, 1960, but did not make the payment due September 20, 1960.

Appellee filed suit. Defendants-insurance companies filed answer and interpleader. Judgment and order were entered on the interpleader. After various dilatory motions were filed and ruled on, appellee filed a third amended complaint praying that he be awarded a lien upon the insurance proceeds. Subsequent thereto appellee filed second supplemental complaint setting up a judgment against him for $7,775.10 in favor of the landlord, which he paid, and alleging that such sum was on account of the failure of appellants to discharge their obligations under the lease, assignment of lease, sales agreement and chattel mortgage, and praying that he be awarded a lien against the insurance proceeds now held by the clerk in that amount, and that the clerk be ordered to pay such sum, plus interest, to appellee.

Appellants filed a demurrer which was overruled, and then filed answer and a request for a jury trial. Appellee filed a reply to the answer. The court denied the request for a jury trial. Appellants then filed a counterclaim in three paragraphs, the first alleging breach of warranty of title on three air conditioning units, the second alleging damages due to appellee's failure to endorse the insurance drafts, and the third alleging interference by appellee, as assignee of the lease, in appellants' use and enjoyment of the leased premises. Upon motion the counterclaim was stricken. The trial then commenced and after plaintiff-appellee rested, defendants-appellants filed a motion for a finding and an alternate motion for finding, both of which were overruled. Appellants then presented evidence and rested. Findings and judgment were entered in favor of the appellee granting him a lien in the sum of $7,775.10, and ordering the clerk to disburse such amount to appellee and the balance, if any, to appellants, after the deduction of costs.

Appellants timely filed a motion for new trial setting out fifteen specifications of error, which motion was overruled.

This appeal was then prosecuted, appellants assigning as error, "The Court erred in overruling appellants' motion for a new trial."

Appellants have chosen to argue the following specifications: 1) the overruling of their demurrer to appellee's third amended complaint and second supplemental complaint; 2) the denial of their request for trial by jury; 3) the sustaining of appellee's motion to strike counterclaim; 4) the overruling of appellants' motion for finding, and alternative motion for finding, at the close of appellee's evidence; and 5) the decision of the trial court is not sustained by sufficient evidence and is contrary to law. All other specifications of error are, therefore, waived. *Martin v. State,* 246 Ind. 43, 45, 201 N. E. 2d 42 (1964).

In their first specification of error appellants assert that the court erred in overruling their demurrer to the third amended complaint and second supplemental complaint. The demurrer sets up two grounds: 1) that several causes of action are improperly joined; and 2) that the third amended complaint and second supplemental complaint do not state facts sufficient to constitute a cause of action.

Acts 1881 (Spec. Sess.), ch. 38, § 87, p. 240, § 2-1009, Burns' 1967 Repl., provides as follows:

> "No judgment shall ever be reversed for any error committed in sustaining or overruling a demurrer for misjoinder of causes of action."

In *City of Indpls. v. Bates et al.,* 137 Ind. App. 227, at page 232, 205 N. E. 2d 839, 842 (1965), this court said:

> "Under our statutes (Burns' § 2-1009 1946 Replacement) a reversal of judgment for overruling a demurrer for misjoinder of causes of action is expressly prohibited." (Citing authorities.)

The overruling of appellants' demurrer for misjoinder of causes of action is not reversible error.

The gravamen of the complaint was to have the lien, created by the chattel mortgage on the personal property, impressed upon the insurance proceeds. The insurance proceeds took the place of personal property which had been destroyed or damaged by fire. The proceeds of a, voluntary or involuntary sale of secured property (which is tantamount to the destruction of the physical assets), take the place of that property, and the security interest attaches thereto. *Stix, et al. v. Sadler, et al.,* 109 Ind. 254, 9 N. E. 905 (1887); *Hamrick, Trustee v. Loring, et al.,* 147 Ind. 229, 45 N. E. 107 (1897).

The exact point involved here was succinctly stated in *Fergus v. Wilmarth,* 117 Ill. 542, at page 546, 7 N. E. 508, at page 510 (1886), as follows:

> "The money [insurance proceeds] took the place of the buildings, destroyed by the fire, and was, in his [the trustee's] hands, a part of the security for the debt."

The chattel mortgage not only secured payment of a promissory note, which had been paid in full, but the performance of certain obligations contained in the lease, the assignment of the lease, and the sales agreement.

The validity of such a lien was recognized in *Philipo, et al. v. Mer. Natl. Bk., Ex'tr. etc., et al.,* 123 Ind. App. 332, at page 335, 111 N. E. 2d 93 (1953). In that case this court said:

> "[T]he appellee contends that no one can acquire a lien on another's property until the funds which give rise to the lien have been advanced or, to state it another way, until the debt which is the basis of the lien has actually come into existence ...
>
> "The appellee's position in this respect might have merit, we think, if the operation of a lien were limited to securing the payment of a debt, as the word is used in its strictest sense. However, it has been held that a lien may secure not only a 'debt' *but also a duty or other obligation.*" (Emphasis supplied.) (Citing Authorities.)

The nature of the action in the case at bar was to declare that the lien attached to the insurance proceeds which replaced the physical assets destroyed or damaged by the fire.

The third amended complaint alleged:

1. That the plaintiff-appellee entered into a written lease, which lease was made a part of the complaint and filed as Exhibit No. 1.

2. That plaintiff-appellee sold to defendants-appellants the restaurant business and entered into a written sales agreement, which was made a part of the complaint and filed as Exhibit No. 2.

3. That plaintiff-appellee assigned the lease to defendants-appellants, which assignment of lease was made a part of the complaint and filed as Exhibit No. 3.

4. That defendants-appellants gave plaintiff-appellee a promissory note, copy of which was made a part of the complaint and filed as Exhibit No. 4.

5. That to secure the payment of the note and the performance by defendants-appellants of all of their obligations under the lease, defendants executed a chattel mortgage which was made a part of the complaint and filed as Exhibit No. 5.

6. That defendants-appellants obtained insurance insuring the property covered by the chattel mortgage with loss payable clause in compliance with the terms of the chattel mortgage.

7. That defendants-appellants took possession and engaged in the restaurant business until a fire destroyed the property covered by the chattel mortgage.

8. That the insurance companies issued their checks payable, jointly, to plaintiff and defendants.

9. That the lien on the personal property transferred to the insurance proceeds.

The second supplemental complaint alleged that since the filing of the third amended complaint the landlord recovered, by a judgment against the plaintiff-appellee, the sum of $7,775.10 on account of the failure and refusal of defendants-appellants to discharge all of their respective obligations

under the lease, assignment of lease, sales agreement and chattel mortgage; that plaintiff-appellee paid and discharged said judgment; that plaintiff-appellee is entitled to a lien on the insurance proceeds now in the hands of the Clerk of the Monroe Circuit Court in the amount of $7,775.10, plus interest; and that the clerk should be ordered to pay such amount to him.

Sufficient facts were alleged in the complaint to constitute a cause of action.

There was no reversible error in the overruling of the demurrer by the trial court.

In their second specification of error appellants assert that their motion for trial by jury was improperly overruled. In *Fish v. Prudential Ins. Co.*, 225 Ind. 448, at page 452, 75 N. E. 2d 57 (1947), our Supreme Court said:

> "The right to a trial by jury in Indiana is provided by § 20, Art. 1 of the Constitution of Indiana which states, 'In all civil cases, the right to a trial by jury shall remain inviolate.' This court has judicially construed this provision as guaranteeing the right to a trial by jury in actions at law which were, prior to June 18, 1852, triable by jury, but it does not and did not intend to require a jury trial of issues which were of exclusive equity jurisdiction prior to the adoption of our Constitution." (Citing authorities.)

The enforcement of a lien is an equitable proceeding and as such is properly heard by the court, without a jury. *Burck v. Davis*, 35 Ind. App. 648, 655, 73 N. E. 192 (1905); *Deemer v. Knight*, 55 Ind. App. 397, 103 N. E. 868 (1914). Thus, the overruling of defendants-appellants' motion for a jury trial was not error.

The counterclaim referred to in the third specification of error was in three paragraphs. The first paragraph was against the plaintiff-appellee on his warranty of title for three air conditioning units purportedly sold to defendants-appellants as part of the sale of his business.

The second and third paragraphs both concerned alleged damage caused to appellants because of appellee's claim to a lien against the insurance fund, which prevented appellants from reopening their business. However, defendants-appellants pleaded both of these issues as affirmative defenses in their answer and the issues were closed by the reply. The counterclaim was filed after all the issues were closed.

In *Spangler v. Armstrong Rubber Co.*, 133 Ind. App. 411, at page 413, 178 N. E. 2d 764, at page 765 (1962), (Transfer denied), this court said:

> "The matter of permitting the opening of the issues for the purpose of filing additional pleadings and amending pleadings after the issues are closed is within the sound legal discretion of the trial court. Unless it is shown that there has been an abuse of such discretion, with prejudice resulting to appellant, it will be presumed that there was no error." (Citing authorities.)

And, further, at page 414 of 133 Ind. App., page 765 of 178 N. E. 2d:

> "The issues sought to be presented by the counterclaim, having been raised and determined adversely to appellant on its answer, appellant was not prejudiced by the striking out of his counter-claim."

The issues raised by the second and third paragraphs of counterclaim were presented to the trial court which rendered an adverse decision to appellants.

The action on the warranty of title to the air conditioning units was not a necessary issue to a complete determination of this cause.

> "It is not within the statutory definition of a counterclaim because it is not a matter arising out of or connected with appellant's cause of action. Burns' 1946 Replacement, § 2-1018. . . ." *Sams v. Kern*, 121 Ind. App. 370, at page 374, 98 N. E. 2d 920, 922 (1951).

As was said in *Muir v. Robinson*, 205 Ind. 293, at page 300, 186 N. E. 2d 289, at page 292 (1933) :

"[T]he new facts which are proper for a defendant to introduce into a pending litigation by means of a cross-bill are such and such only as are necessary for the court to have before it in deciding the question raised in the original suit, to enable it to do full and complete justice to all the parties before it, in respect to the cause of action upon which the complaint rests his right to aid or relief." (Citing authorities.)

If, in fact, it is a proper cause of action, appellants are not prejudiced by the ruling of the trial court.

The counterclaim was properly stricken by the trial ■ court.

Appellants moved for a finding at the close of appellee's presentation of evidence. Appellants further moved alternatively for a finding based on the affirmative paragraphs of defense in their answer. Both motions were overruled and appellants proceeded to present their evidence. At the close of the trial appellants did not renew their motions.

This court, speaking through Judge Smith, in *Dowell v. Jolly*, 130 Ind. App. 280, at page 286, 159 N. E. 2d 590, at page 593 (1960), said:

"A defendant, who, at the close of plaintiff's evidence moves for a finding against the plaintiff, is required to renew or offer to renew his motion at the close of all the ■ evidence, as the error, if any, in overruling his original motion has been waived by his introduction of evidence."

Therefore, appellants, having failed to renew their motions at the close of the trial, waived the rulings of the trial court as error, if any.

Appellants, in their last specification of error, assert that the decision of the trial court was not sustained by sufficient evidence and was contrary to law.

Appellants do not argue that the allegations of the complaint as hereinabove set out were not supported by sufficient evidence. The complaint stated facts sufficient to constitute a cause of action and each being supported by ample evidence, the trial court correctly found for the plaintiff-appellee.

Appellants question the sufficiency of the evidence concerning their affirmative defenses raised by answer. The appellants, who had the burden of proof, failed to sustain such burden and the trial court rendered a negative decision. The decision against them cannot be attacked upon the ground that there is insufficient evidence. *Pokraka v. Lummus Co.*, 230 Ind. 523, 529, 104 N. E. 2d 669 (1952).

Our Supreme Court, in *Souerdike v. State*, 231 Ind. 204, at page 206, 108 N. E. 2d 136, at page 138 (1952), said:

"If the evidence entitled him to relief which was denied him, it is contrary to law, but in determining that question we may consider only the evidence most favorable to the successful party, and it is only where the evidence is without conflict and leads to but one reasonable conclusion, and the trial court has reached a contrary conclusion, that the decision will be disturbed as being contrary to law." (Citing authorities.)

It cannot be said, as a matter of law, that the trial court reached a conclusion contrary to law, nor was there insufficient evidence to sustain the conclusion reached.

For the foregoing reasons the judgment of the trial court was correct and must be affirmed. Costs taxed against appellants.

Judgment affirmed.

Pfaff, C.J., and Sharp, J., concur.

White, J., concurs in result.

This case was filed December 16, 1965, and fully briefed on February 22, 1967. Oral argument was not requested. The author of this opinion was assigned this case after assuming office January 1, 1969.

NOTE.—Reported in 245 N. E. 2d 866.