**Harold Gene WILHITE, Appellant (Petitioner below),**

v.

**Ruth MOHR, Appellee (Respondent below).**

**No. 1–485A104.**

Court of Appeals of Indiana, First District.

Nov. 18, 1985.

William G. Smock, Terre Haute, for appellant.

Eric L. Wyndham, Brazil, for appellee.

ROBERTSON, Judge.

The petitioner-appellant Wilhite appeals from the trial court's judgment in an action for a recount of votes and the contesting of an election. We reverse.

Wilhite was duly nominated as the Democrat candidate for the office of Recorder of Clay County in the primary election held on May 8, 1984. There being a vacancy for the same office on the Republican side after the primary election, the respondent-appellee Mohr filed her consent to be the Republican candidate for recorder on May 24, 1984, with the Clay County clerk. The Clay County Republican Central Committee failed to comply with IND.CODE 3-1-11-10(d)[1], the statute which specifies the means for filling vacancies on the general election ballot. The Clay County Republican Central Committee did meet in July, 1984, with a certificate of nomination of Mohr for recorder being filed on August 3, 1984. At the general election Mohr beat Wilhite by 899 votes. Wilhite then filed the action from which this appeal is taken.

Because we reverse, only Wilhite's first issue need be discussed and decided. The issue is stated as:

> The Court Committed Error of Law in Failing to Find That The Appellee, Ruth Mohr, Was An Ineligible Candidate for Recorder of Clay County and Committed Error by Finding That Appellant Wilhite Waived Said Issue by Failing to Contest the Issue Until After The General Election.

■ The case of *Higgins v. Hale,* (1985) Ind., 476 N.E.2d 95 controls our decision in this appeal. In *Higgins,* the supreme court held that a failure to comply with the time frames specified in I.C. 3-1-11-10(d) makes the nomination void and of no effect. Mohr was never a candidate for the office of recorder.

■ Because the candidacy of Mohr was void and of no effect from the beginning, we are of the opinion Mohr's arguments that she was an eligible candidate and that Wilhite in some ways acquiesced by failing to challenge Mohr's candidacy are without merit. This is true because the candidacy never existed in the eyes of the law in the first instance.

The cause is reversed and remanded with instructions to declare Wilhite the duly elected recorder of Clay County.

Reversed and remanded with instructions.

RATLIFF, P.J., and NEAL, J., concur.

---

1. I.C. 3-1-11-10(d) reads:

   Within seven.[7] days after the occurrence of a candidate vacancy covered by subsection (c)(1), (c)(2), or (c)(3), a meeting of the appropriate committee shall be called to fill the vacancy. The meeting shall be called and chaired by:

   (1) The county chairman, in the case of a vacancy covered by subsection (c)(1); or
   (2) The chairman of the state central committee, in the case of a vacancy covered by subsection (c)(2) or (c)(3). The meeting must be held within fourteen [14] days after the occurrence of the candidate vacancy.