FOR PUBLICATION

ATTORNEY FOR APPELLANT
: 
ATTORNEY FOR APPELLEE
:

F. STEPHEN SHEETS
 
 ROBIN R. CRAIG

Evansville, Indiana Evansville, Indiana

IN THE

COURT OF APPEALS OF INDIANA

SHEILA D. FAWCETT, )

)

Appellant-Plaintiff, )

)

vs. ) No.  82A04-9807-CV-355

)

BARTON L. GOOCH and EXNA W. GOOCH, )

)

Appellees-Defendants. )

APPEAL FROM THE VANDERBURGH SUPERIOR COURT

The Honorable William J. Brune, Judge

Cause No.  82D04-9710-DR-1310

April 21, 1999

OPINION - FOR PUBLICATION

RUCKER, Judge

Upon a complaint for declaratory judgment Appellant Sheila D. Fawcett sought to render invalid portions of a divorce decree granting Exna W. Gooch the right to visit Fawcett’s unemancipated adult son.  On cross motions for summary judgment the trial court ruled in Exna’s favor.  Fawcett now appeals contending the trial court erred in so doing because she never received notice nor had an opportunity to be heard before the visitation order was entered.

Sheila D. Fawcett and Barton L. Gooch were married for several years and divorced in 1976.  The marriage produced one child who was born in 1973 with Down’s Syndrome. Initially Fawcett was granted custody of the then minor child.  Thereafter custody was awarded to Barton who by then had married Appellee Exna W. Gooch.  The marriage between Barton and Exna lasted until November of 1992 at which time the parties divorced.  There were no children born of the marriage.  However, the dissolution decree provided that Barton would have custody of his now unemancipated adult son, and that Exna would be afforded the right of reasonable visitation.  Fawcett was not a party to the action and received no notice of the visitation order.  Apparently Exna's visitation with Barton’s son proceeded without incident until Barton and Fawcett rekindled their relationship.  Barton then began to deny visitation to Exna which resulted in her filing a petition for contempt.  After a hearing conducted on October 10, 1997, the trial court found Barton in contempt and established a detailed and specific visitation schedule.  A little more than two weeks later Fawcett filed a complaint for declaratory judgment.  The complaint, filed under a different cause number but in the same court that heard the contempt petition, sought a declaration that both the November 1992 and October 1997 orders of visitation were null and void because Fawcett was given notice of neither and had no opportunity to be heard.  Thereafter, Fawcett filed a motion for summary judgment and Exna responded with a cross-motion for summary judgment.  After taking the matter under advisement, the trial court granted Exna's motion and denied Fawcett’s motion.  This appeal followed.

The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law.  
Bastin v. First Indiana Bank
, 694 N.E.2d 740, 743 (Ind. Ct. App. 1998), 
reh'g denied
.  When reviewing a grant or denial of summary judgment our well-settled standard of review is the same as it was for the trial court:  whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law.  
Landmark Health Care Assocs., L.P. v. Bradbury
, 671 N.E.2d 113, 116 (Ind. 1996).  Summary judgment should be granted only if the evidence sanctioned by Ind. Trial Rule 56(C) shows that there is no genuine issue of material fact and the moving party deserves judgment as a matter of law.  
Blake v. Calumet Const. Corp.
, 674 N.E.2d 167, 169 (Ind. 1996).

Fawcett contends the trial court erred in denying her motion for summary judgment while granting Exna's cross-motion.  According to Fawcett, Ind. Code § 31-1-11.6-4
(footnote: 1) and the due process clause of the U.S. Constitution guarantee her a right to reasonable notice and a hearing before a court may grant to an unrelated third party the right to visit her son.  The statute on which Fawcett relies 
concerns custody matters under the Uniform Child Custody Jurisdiction Law (UCCJA).  It was adopted to "discourage child abductions in the name of child custody disputes, and . . . to improve comity between states with regard to matters of child custody.”  
Ashburn v. Ashburn
, 661 N.E.2d 39, 40 (Ind. Ct. App. 1996), 
trans. denied
.  The general purpose of the UCCJA is to promote cooperation and avoid competition with courts of other states in determining the proper forum for child custody disputes.  
Caban v. Healy
, 634 N.E.2d 540, 542 (Ind. Ct. App. 1994), 
trans. denied
. 

Despite her claim, we do not base Fawcett's right to be heard upon the UCCJA. Rather, as discussed in more detail below, we examine this issue under Fawcett's due process right to be heard concerning the possible adverse effects upon her own visitation rights.  In so doing we first note that Fawcett cites no authority to support the proposition that a visitation order contained in a divorce decree is rendered null and void because a natural parent is not given advance 
notice. It is true that the Fourteenth Amendment due process and equal protection clauses recognize a fundamental right to family integrity.  
Matter of Joseph
, 416 N.E.2d 857, 859 (Ind. Ct. App. 1981).  Indeed the parent-child relationship is “a sacred and precious privilege.”  
Stewart v. Stewart
, 521 N.E.2d 956, 960 (Ind. Ct. App. 1988), 
trans. denied
.  Thus, because child custody proceedings involve the fundamental relationship between parent and child, procedural due process must be provided to protect the substantive rights of the parties.  
Brown v. Brown
, 463 N.E.2d 310, 313 (Ind. Ct. App. 1984).  However, in protecting those substantive rights the trial court is not required to enter an order rendering void a previous order of visitation.  Fawcett is entitled to no such relief.

Because Fawcett is not entitled to have the order of visitation set aside does not mean however that she is entitled to no relief at all.  In a declaratory judgment action, the court determines the specific rights, duties and obligations of the respective parties at the time of trial.  
Indiana State Police Dept. v. Turner
, 577 N.E.2d 598, 601 (Ind. Ct. App. 1991), 
trans.
 
denied
.  Although not a model of clarity, Fawcett’s motion for declaratory judgment also sought a determination that as a natural parent Fawcett’s right of visitation with her son was adversely affected by a similar right in Exna, a non-related third party.  The law is settled that a third party may be awarded visitation if it is shown that a custodial and parental relationship exists and that visitation with the third person would be in the best interest of the child.  
In re Custody of Banning
, 541 N.E.2d 283, 284 (Ind. Ct. App. 1989) (the trial court did not abuse its discretion in awarding visitation to child’s stepmother who had developed custodial and parental relationship with child while child was in father’s custody).  In this case the question of whether it was in the child’s best interest to award visitation to Exna is not before us.  Indeed Fawcett does not contend her son’s best interest has been disserved by the trial court’s order.  Rather, her complaint is that she was not present when the visitation order in favor of Exna was entered and thus her own interest was not taken into account.  In essence, the heart of her argument is that she was not afforded an opportunity to be heard. Fawcett’s motion for summary judgment, which was accompanied by Fawcett’s affidavit, was based precisely on this point. 

In opposition to Fawcett’s motion and in support of her own motion for summary judgment Exna submitted a written memorandum.  Therein she made the same argument to the trial court that she now makes before this court only one of which merits a response, namely:  that Fawcett was present and testified at the October 1997 hearing and thus she not only had notice and an opportunity to be heard but also she was in fact heard.  The problem, however, is that Exna presented no Rule 56 materials to the trial court to substantiate her claim.  Absent reference to otherwise specifically designated materials, memoranda in support of or in opposition to a motion for summary judgment does not satisfy the Rule 56 designation requirements.  
Nat'l Bd. of Examiners v. American Osteopathic Ass'n
, 645 N.E.2d 608, 615 (Ind. Ct. App. 1994).  In apparent recognition of her failure to properly designate materials Exna has filed with this court an alleged “supplemental record” containing a transcript of the October hearing.  This supplementation is improper.  Only those materials properly presented to the trial court may be considered by this court when we review the grant or denial of a motion for summary judgment.  
Midwest Commerce Banking Co. v. Livings
, 608 N.E.2d 1010, 1012 (Ind. Ct. App. 1993) (holding that neither the trial court nor this court may look beyond the evidence specifically designated to the trial court). Also, it cannot be the case that the trial court took judicial notice of the October hearing.  
See
 
Woods v. State
, 654 N.E.2d 1153, 1155 (Ind. Ct. App. 1995) (stating that as a general rule a trial court may not take judicial notice of its own records in another case previously before the court even where the subject matter and parties are related).  In sum the record shows that Fawcett presented evidence to the trial court showing that she was not given the opportunity to be heard on the question of how her right of visitation is affected by Exna’s right of visitation.  It is clear Fawcett is entitled to be heard on this question.  
See
 
Brown
, 
supra
.  It is equally clear that Exna did not properly designate materials to the trial court demonstrating that Fawcett was ever afforded that opportunity.  Thus, although Fawcett is not entitled to have the orders of visitation rendered null and void, she is entitled to a determination of whether and to what extent Exna’s right of visitation improperly affects her own right of visitation.  The trial court's determination in that regard could result in a modified visitation order.  We therefore reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.

Judgment reversed and cause remanded.

DARDEN, J., and SULLIVAN, J., concur.

FOOTNOTES
1:  Recodified as Ind. Code § 31-17-3-4