LAKE COUNTY AUDITOR, Appellant (Defendant below),

v.

Lonnie BURKS, Appellee (Plaintiff below).

No. 45S03–0306–CV–00282.

Supreme Court of Indiana.

Feb. 4, 2004.

Edward R. Hall, Merrillville, IN, Attorney for Appellant.

David Paul Allen, Hammond, IN, Attorney for Appellee.

BOEHM, Justice.

The Lake County Auditor sold the home where Lonnie Burks lived to satisfy delinquent taxes on the property. The property brought a price greater than the delinquency and Burks sued for the surplus. Burks was not the record owner. Rather, she was intestate heir and a beneficiary of the unprobated will of the deceased record owner. We hold that a person is not required to be the "record owner" of the property to claim the surplus from a tax sale if he or she can establish ownership of the property sold.

### Factual and Procedural Background

From the time she was nine months old, Lonnie Burks lived with and was raised by her great-aunt Ruth Johnson and Ruth's husband Robert. In 1952, at age nine, she moved to a house in East Chicago, Indiana. She lived in the house with the Johnsons and Ruth's sister and brother-in-law, Ruby and Prince Tharpe, until she married in 1964 at the age of twenty-one. The exact chain of title to the property is murky. However, neither party disputes Robert Johnson's status as the record owner of the property and both refer to him as the record owner.[1] We accept that assumption. Robert Johnson died in 1971

---

1. The tax bills for the years 1986 to 1995 were made out to "Bob Johnson et al." The trial court, in conjunction with its request for briefs on Burks's claim to the surplus, asked the County Auditor to provide the last recorded deed. The County Auditor provided only a quitclaim deed that reflected the sale of the property from the tax-sale purchaser to a third party. In her brief in the trial court, Burks asserted that all names discovered in a title search in preparation for this suit were joined as defendants and have either filed a disclaimer or failed to appear. Other defendants include Burks's sons, Carl and Darnell Adams, Ruth Johnson's sister Ruby Tharpe, Bank One National Association, and Robert and Ruth Johnson. Based on this, it is unclear exactly who was the record owner of the

and Ruth died in 1978. Ruth's sister, Ruby Tharpe, died in 1985. By that time her husband had moved to a nursing home and is now deceased. In 1986, Burks returned to live in the house. Mr. Johnson's will, executed in 1960, purported to leave the property to Burks and Ruby Tharpe. Though the will mentioned Robert's children, it made no provision for their benefit and they are all deceased with no known heirs. The will was never probated.

After returning to the house in 1986, Burks paid several delinquent utility bills and put the power and water accounts for the house in her name. She also made tax payments, including some delinquent taxes. Several of the tax payments were by checks drawn on her account, but the name listed on the tax assessment rolls remained "Bob Johnson et. al." Burks made both tax and utility payments until 1997, when she was unable to continue paying the taxes. The County Auditor sold the property for the resulting tax delinquency to Ironwood Acceptance Company on September 23, 1998. The sale generated proceeds in excess of the delinquency, but the record does not indicate the precise amount of the surplus. Burks lived in the house until she moved out after receiving notice that the house had been sold.

On April 12, 2000, Burks filed a complaint in Lake Superior Court for a declaratory judgment that she was the owner of the property on the date of the tax sale and therefore entitled to the surplus. The trial court ruled that as the "only surviving heir of the record owner" of the property, Burks was entitled to the surplus. The Court of Appeals reversed, holding that under Indiana Code section 6–1.1–24–7

(2002), only the "owner of record" of property sold in a tax sale may file a claim for the surplus. Because Burks did not record the deed, she was precluded from claiming the surplus. *Lake County Auditor v. Burko*, 785 N.E.2d 583, 586 (Ind.Ct. App. 2003). This Court granted transfer.

### Burks' Right to the Surplus

The Lake County Auditor argues that Burks has no right to the surplus. The County Auditor bases this argument on the fact that Burks does not fall within the terms of the statute permitting administrative refund of the surplus from a tax sale. The County Auditor's argument proceeds from the assumption that Burks' substantive right to the surplus is governed solely by Indiana Code section 6–1.1–24–7(b). This argument is based solely on the Auditor's interpretation of the statute and therefore presents a question of law which we review *de novo*.

At all times relevant to this case, the tax-sale statute provided that any amounts from a tax sale are to be applied first to taxes, assessments, penalties, costs, other delinquent property taxes, and any balance is to be placed in a "tax sale surplus fund." Ind.Code § 6–1.1–24–7(a) (1998). Pursuant to Indiana Code section 6–1.1–24–7(b):

The:

(1) owner of record of the real property at the time the tax deed is issued who is divested of ownership by the issuance of a tax deed; or

(2) tax sale purchaser or purchaser's assignee, upon redemption of the tract or item of real property;

(3) person with a substantial property interest of public record, as defined in section 1.9 of this chapter and as evidenced by the issuance of a tax

---

property or whether Robert owned the home alone or Robert and Ruth Johnson owned the house in a joint tenancy, tenancy by the entirety or tenancy in common. Although the chain of title through various intestacies may be labyrinthian, ultimately Burks appears to be the only survivor who has any claim to the house. At any rate, the trial court so found.

deed to a tax sale purchaser, in a county:

(A) having a population of more than two hundred thousand (200,000) but less than four hundred thousand (400,000)

(B) having a consolidated city; or

(C) in which the county auditor and the county treasurer have an agreement under I.C. 6–1.1–25–4.7;

may file a verified claim for money which is deposited in the tax sale surplus fund. If the claim is approved by the county auditor and the county treasurer, the county auditor shall issue a warrant to the claimant for the amount due.

Ind.Code § 6–1.1–24–7. The statute was amended in 2001 to remove subsection (b)(3). 2001 Ind. Acts 139, Sec. 6.

■ The Court of Appeals agreed with the County Auditor that this statute unambiguously provides that only the "owner of record" or tax-sale purchaser or his assignee is entitled to a tax surplus. Because Burks was not the record owner of the property, she was not entitled to the surplus. That holding conflicted with the Court of Appeals' holding in *Brewer v. EMC Mortgage Corp.,* 743 N.E.2d 322 (Ind.Ct.App.2001) *trans. denied.* In *Brewer*, a different panel of the Court of Appeals read former subsection (b)(3) as providing one route, but not the only route, to recover a surplus. It viewed subsection (b)(3) as allowing those with a "substantial property interest of record" in the counties identified in the statute (which excluded Lake County, population 484,000) to submit a claim to the county auditor and

obtain the surplus of a tax sale without having to resort to court. *Id.* at 326. The court reasoned that the statute's use of the word "may" rendered it permissive, not mandatory. As a result, subsection (b)(3) merely provided taxpayers in some counties with an administrative alternative to the remedy of a lawsuit that remained available in all counties.[2] *Id.*

■ We agree with *Brewer* and think its rationale applies equally to subsections (b)(1) and (b)(2). The statute does not purport to provide an exhaustive list of persons who may claim a tax-sale surplus. Rather, it merely provides an administrative procedure for the record owner to recover the surplus if it is clear who that is. The statute does not in effect cause an escheat to the County by denying those with an interest in property the right to claim the surplus. An unrecorded interest may be the product of inattention, as it appears to have been here, or it could be simple administrative delay, in, for example, probating an estate or recording a deed. We conclude that Burks's lack of record title did not preclude her claim.

The United States Supreme Court pointed out long ago that, "to withhold the surplus from the owner would be to violate the Fifth Amendment to the Constitution and to deprive him of his property without due process of law, to take his property for public use without just compensation." *United States v. Lawton,* 110 U.S. 146, 150, 3 S.Ct. 545, 28 L.Ed. 100 (1884). We need not conclude whether failure to record an interest can constitutionally foreclose an owner's right to the surplus because we do not read the Indiana statute

2. The court took the view that it would violate the Indiana Constitution's Privileges and Immunities Clause to provide a substantive right to the tax-sale surplus to individuals in the designated counties, but preclude that right

from those similarly situated in other counties. *Id.* at 325–26 (citing *Collins v. Day,* 644 N.E.2d 72 (Ind.1994)). This issue is mooted by the repeal of subsection (b)(3).

as attempting to do that. If the administrative remedy were the only means to recover a surplus, the statute would produce severe unfairness for those who in fact have an interest in the property, albeit unrecorded, and would give the county a windfall. The statute does not by its terms produce this result, and we see no reason to read it in.

Under our reading of Indiana Code section 6–1.1–24–7, anyone whose interest is of record may pursue the less expensive and quicker administrative remedy, but others must pursue their claims to a tax surplus in a trial court. This result makes sense because those listed in the statute, the "owner of record," the "tax sale purchaser or the purchaser's assignee," or "person with a substantial property interest of public record" are usually readily identifiable and there may be no dispute as to the proper claimant. Those who, like Burks, think they have a claim, but are not in these preferred categories must take that claim to a trial court where the right of others potentially interested in the surplus can be fully considered. Such a claim may require resolution of factual issues or complex questions of law. A trial court is therefore better suited to resolve this than a county auditor. Accordingly, we read the administrative remedy as elective but not exclusive. Therefore, Burks was entitled to pursue her claim for the surplus in trial court as she did.

We also conclude that Burks established her right to the surplus. The trial court found that Burks was Johnson's "only surviving heir." An "heir" is "a person who, under the laws of intestacy, is entitled to receive an intestate decedent's property." *Black's Law Dictionary* 726 (7th ed.1999). As an intestate heir or as the only surviving residual legatee under Johnson's will, Burks succeeded to at least a part of Johnson's interest in the proper-

ty. She thus has established a property right, and withholding the surplus would deprive her of that right. The trial court entered a general judgment without special findings and conclusions, so we are to affirm if it is sustainable on any legal theory. *Porter v. Bankers Trust Co. of Cal.*, 773 N.E.2d 901, 903–04 (Ind.Ct.App. 2002). Lake County does not dispute Burks' status as an heir or argue that anyone other than Burks has a claim to the surplus. Rather the County asserts, "there is no real evidence that Burks is a legitimate heir." Burks points to Johnson's will purporting to leave the house to her and the fact that Ruth and Robert Johnson have no other known heirs. The parties agree that Robert Johnson was the owner. Robert died in 1971 and the document identified as his will was never probated. Even if Ruth Johnson became the owner as a tenant by the entirety or otherwise after Robert died, the property would still have been owned by Burks immediately before the sale because Burks was also Ruth's sole surviving heir. We find no reason to overturn the trial court's conclusion that Burks is the only person entitled to the surplus.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.