

I N   T H E

# Court of Appeals of Indiana

Ross Graham Thomas,

*Appellant-Plaintiff*



FILED

Jul 16 2024, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

Joseph Foyst,

*Appellee-Defendant*

---

July 16, 2024

Court of Appeals Case No.
24A-MI-251

Appeal from the Bartholomew Circuit Court

The Honorable K. Mark Loyd, Special Judge

Trial Court Cause No.
03C01-2309-MI-4658

---

**Opinion by Judge Crone**
Judges Bradford and Tavitas concur.

**Crone, Judge.**

## Case Summary

[1] The Bartholomew County Republican Party (the Party) did not place a candidate on the ballot for the 2023 primary election for the District 6 seat on the Columbus City Council. The Party held a caucus and selected Joseph Foyst to fill that vacancy on the general election ballot. But the notice of caucus was not timely submitted to the Bartholomew County Circuit Court Clerk (the Clerk), and Bartholomew County Democratic Party Chairman Ross Graham Thomas challenged Foyst's eligibility to appear on the general election ballot on that basis. After a hearing, the Bartholomew County Election Board (the Election Board) granted Thomas's challenge.

[2] After the statutory deadline for filling a vacancy on the general election ballot passed, the Party held another caucus and again selected Foyst to fill the vacancy under an exception to the statute that allows for the filling of a vacancy that is due to the successful challenge of a candidate. Thomas filed another challenge to Foyst's eligibility, which was refused as untimely. Thomas also filed a complaint against Foyst for declaratory relief, and the trial court ruled in Foyst's favor. In the general election, Foyst received more votes than his opponent, Bryan Muñoz.

[3] On appeal, Thomas argues that Foyst's candidacy should be nullified because the notice of caucus was not timely submitted. Based on the relevant statutes and well-settled precedent from the Indiana Supreme Court and this Court, we

agree. Therefore, we reverse and remand with instructions to declare Muñoz the winner of the 2023 general election.

## Facts and Procedural History

[4] The relevant facts are undisputed. In 2023, the Party did not place a candidate on the primary election ballot for the District 6 seat, and it sought to fill that vacancy for the general election pursuant to Indiana Code Chapter 3-13-1.[1] *See* Ind. Code § 3-13-1-2 ("A candidate vacancy that exists on a primary election ballot may not be filled for the primary election. The resulting vacancy on the following general or municipal election ballot may be filled in the manner prescribed by this chapter if it is filled not later than the noon July 3 certification deadline under section 15(c) of this chapter."); Ind. Code § 3-13-1-15(c) (providing that a written certificate of candidate selection "shall be filed [by a specified party official] not later than noon July 3 before election day").

[5] Indiana Code Section 3-13-1-6(b)(1) provides that "a candidate vacancy for a local office"[2] may be filled by a caucus composed of eligible precinct

---

[1] Indiana Code Chapter 3-13-1 is entitled "Early Candidate Vacancies" and "applies to the filling of a candidate vacancy that arises for any reason if the vacancy leaves a major political party without a candidate for the office and occurs before the thirtieth day before a general, special, or municipal election." Ind. Code § 3-13-1-1. By contrast, Indiana Code Chapter 3-13-2, entitled "Late Candidate Vacancies," applies to vacancies that occur "*after* the thirty-first day before a general, municipal, or special election[.]" Ind. Code § 3-13-2-1(a) (emphasis added). That chapter is inapplicable here.

[2] "'Local office' means a circuit office, county office, city office, town office, township office, or other civil office for which the electorate of a political subdivision votes. The term includes all elected offices other than federal, state, legislative, and school board offices." Ind. Code § 3-5-2-29.

committeepersons.[3] Indiana Code Section 3-13-1-9(b)(6) provides that the "call for a [caucus] meeting … must … be filed not later than noon ten (10) days before the meeting with the official who is required to receive a certificate of candidate selection following the caucus under section 15 of this chapter." Here, that official was the Clerk. Ind. Code § 3-13-1-15(b)(2).

[6] Indiana Code Section 3-5-4-1.9(c) states, "Except as otherwise provided in this title, … a circuit court clerk … or any other official responsible for receiving a filing under this title may not receive a filing that is offered to be filed after a deadline for the filing provided by this title." And Indiana Code Section 3-13-1-21(b) states,

> To enforce the requirements of IC 3-5-4-1.9, … a circuit court clerk … may not receive a filing of a certificate of candidate selection if … a notice of a caucus or meeting … is or was offered to be filed after the deadline for the filing provided by this chapter or was not offered for filing at or before the deadline for the filing provided by this chapter.

[7] On June 22, Foyst filed a declaration of candidacy as a Republican for the District 6 seat. A caucus was scheduled for July 1, and the notice of caucus was submitted to the Clerk on June 22, which was one day past the ten-day deadline. In violation of Indiana Code Section 3-5-4-1.9(c), the Clerk received

---

[3] Such a vacancy may also be filled by "[t]he county chairman of the political party or a committee comprised of the chairman, vice chairman, secretary, and treasurer of the county committee of the party" if certain conditions are met. Ind. Code § 3-13-1-6(b)(2).

the notice of caucus. The caucus was held as scheduled, and Foyst was selected as the Party's candidate for the general election. A certificate of candidate selection was submitted to the Clerk on July 5.[4] In violation of Indiana Code Sections 3-5-4-1.9(c) and 3-13-1-21(b), the Clerk received that filing as well.

[8] On July 26, Thomas filed a challenge to Foyst's eligibility to appear on the general election ballot on the basis that the notice of caucus was not timely filed. On August 18, the Election Board held a hearing and granted Thomas's challenge.

[9] On August 24, Foyst filed a second declaration of candidacy for the District 6 seat. Thomas has consistently asserted, and Foyst has not specifically denied, that the declaration was filed pursuant to Indiana Code Section 3-13-1-7(b)(7). At that time, Indiana Code Section 3-13-1-7 read in its entirety as follows:

> (a) Except as provided in subsection (b), action to fill a candidate vacancy must be taken:
>
> > (1) not later than noon July 3 after the primary election if the vacancy exists on a general or municipal election

---

[4] According to the Clerk, the courthouse was closed on Monday, July 3, the day before the July 4 legal holiday. Tr. Vol. 2 at 17. Indiana Code Section 33-32-2-4(b) provides,

> The [circuit court] clerk shall keep the [clerk's] office open on every day of the year except on Sundays and legal holidays. However, the clerk:
>
> (1) shall keep the office of the clerk open on those days and times necessary for the proper administration of the election statutes; and
>
> (2) may close the office on those days that the judge of the circuit court orders the court closed in accordance with the custom and practice of the county.

The record is silent as to why the courthouse was closed on July 3. To state the obvious, July 5 is later than July 3 for purposes of Indiana Code Sections 3-13-1-2 and 3-13-1-15(c).

ballot; and

(2) within thirty (30) days after the occurrence of the vacancy, if the vacancy exists on a special election ballot, subject to section 2 of this chapter.

(b) This subsection applies to a candidate vacancy that exists before the thirtieth day before a general, municipal, or special election and that is due to any of the following:

(1) The death of a candidate.

(2) The withdrawal of a candidate.

(3) The disqualification of a candidate under IC 3-8-1-5.

(4) A court order issued under IC 3-8-7-29(d).

(5) The successful challenge of a candidate nominated by a state, county, or town convention of a political party.

(6) The successful challenge of [a] candidate under IC 3-8-8.

(7) The successful challenge of a candidate under sections 16.5 and 20.5 of this chapter.

Action to fill a candidate vacancy under section 3, 4, 5, or 6 of this chapter for reasons permitted under this subsection must be taken within thirty (30) days after the occurrence of the vacancy.

On August 30, a certificate of candidate selection was submitted to and received by the Clerk indicating that Foyst was chosen to fill the vacancy on the general election ballot at a caucus held on August 29.

On September 6, Thomas filed a second challenge to Foyst's eligibility on the basis that his declaration was untimely, apparently pursuant to Indiana Code Section 3-13-1-7(a)(1). Thomas's challenge was itself refused as untimely, apparently pursuant to Indiana Code Section 3-13-1-16.5(b) ("All questions concerning the validity of a certificate of candidate selection filed with a circuit court clerk shall be referred to and determined by the county election board. A statement questioning the validity of a certificate of candidate selection must be filed with the county election board under IC 3-8-1-2(d) not later than noon seventy-four (74) days before the date on which the general or municipal election will be held for the office[,]" which was November 7, 2023).

Also on September 6, Thomas filed a complaint for declaratory and injunctive relief against Foyst and members of the Election Board, seeking to declare Foyst ineligible to appear on the general election ballot and to enjoin the Election Board from placing his name on the ballot. An evidentiary hearing commenced on November 1. After it was determined that the hearing could not be concluded before the election, Thomas abandoned his claim for injunctive relief, and the Election Board members were dismissed from the case. In the November 7 general election, Foyst received 454 votes, and his Democratic opponent Muñoz received 309 votes. Ex. Vol. at 19. The evidentiary hearing concluded on November 28. On January 17, 2024, the trial court entered judgment for Foyst on Thomas's claim for declaratory relief. Thomas now appeals pro se.

## Discussion and Decision

[12] "In a declaratory judgment action, the court determines the specific rights, duties and obligations of the respective parties at the time of trial." *Fawcett v. Gooch*, 708 N.E.2d 908, 910 (Ind. Ct. App. 1999). Because the facts relevant to the issue of Foyst's eligibility to appear on the general election ballot "are not in dispute, the issue presents a question of law that we review de novo." *Howard v. Am. Fam. Mut. Ins. Co.*, 928 N.E.2d 281, 283 (Ind. Ct. App. 2010).[5]

[13] Thomas directs us to precedent from both the Indiana Supreme Court and this Court that holds that a failure to meet a statutory deadline for filling a vacancy on a general election ballot resulting from a primary election ballot vacancy makes a nomination "void and of no effect." *Higgins v. Hale*, 476 N.E.2d 95, 100 (Ind. 1985). *See id.* at 98, 102 (affirming trial court's determination that election victor "had not been legally nominated" to fill ballot vacancy where party failed to call and hold meeting to fill vacancy before statutory deadline); *Wilhite v. Mohr*, 485 N.E.2d 131, 132 (Ind. Ct. App. 1985) (citing *Higgins*) (holding that election victor's "candidacy never existed in the eyes of the law in the first instance" where party failed to call and hold meeting to fill ballot vacancy before statutory deadline).

---

[5] Foyst does not challenge Thomas's standing to seek declaratory relief in this case. Foyst does point out that Thomas, an attorney with prior appellate experience, has violated several rules of appellate procedure, but those violations have not substantially impeded us from addressing the merits of his claim.

Foyst offers no persuasive rationale for reaching a different result in this situation, where the Clerk was barred by statute from receiving both the notice of caucus and the certificate of candidate selection because both documents were not timely filed. The Clerk's actions in violation of the applicable statutes were, by definition, ultra vires, and thus Foyst's candidacy never existed in the eyes of the law. Consequently, Indiana Code Section 3-13-1-7(b)(7) could not be used to place Foyst on the general election ballot; the statute presumes that a vacancy exists due to the successful challenge of a duly selected candidate, and Foyst was never a candidate.[6] Accordingly, we reverse and remand with instructions to declare Muñoz the winner of the 2023 general election for the District 6 seat on the Columbus City Council.

Reversed and remanded.

Bradford, J., and Tavitas, J., concur.

APPELLANT PRO SE

Ross G. Thomas
Indianapolis, Indiana

---

[6] At the evidentiary hearing, Thomas stated that he was "more than willing to stipulate that Mr. Foyst declared his candidacy publicly, that he ran for office openly and that he campaigned and put himself out to the public as a candidate." Tr. Vol. 2 at 96. On appeal, as he did below, Foyst characterizes this statement as both a stipulation and a judicial admission that he was in fact a party's candidate for office. But the question here is whether Foyst was ever a candidate in the eyes of the law, and the answer to that question is no.

ATTORNEYS FOR APPELLEE

David W. Stone IV
Stone Law Office & Legal Research
Anderson, Indiana

George Hoffman, III
Hoffman & Newcomb
Franklin, Indiana